CHRISTOPHER CHORBA, SBN 216692
  cchorba@gibsondunn.com
KELLY GREGG, SBN 353182
  kgregg@gibsondunn.com
GRAHAM M. STINNETT, SBN 353846
  gstinnett@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.: 213.229.7000
Fac.: 213.229.7520

WESLEY SZE, SBN 306715
  wsze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Ave.
Palo Alto, CA 94301
Tel.: 650.849.5347
Fac.: 650.849.5047

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KIMBERLY FEENEY, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California Corporation; and DOES 1–10,<br><br>Defendants. | CASE NO. 2:25-cv-09716<br><br>**DEFENDANT APPLE INC.'S NOTICE OF REMOVAL**<br><br>[Removal from the Superior Court of the State of California, Los Angeles County, Case No. 25STCV24599]<br><br>[Declaration of Wesley Sze, Exhibits A to E, and Proof of Service filed concurrently]<br><br>Action Filed:   August 20, 2025<br>Trial Date:      None Set |

**TO THE CLERK OF THE ABOVE-TITLED COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332 and 1453, Defendant Apple Inc. hereby removes to the United States District Court for the Central District of California the state-court action captioned *Feeney v. Apple Inc.*, originally filed as Case No. 25STCV24599 in the Superior Court of California for the County of Los Angeles. As set forth below, the Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d). In support of removal, Apple states as follows:

## I. RELEVANT ALLEGATIONS AND FACTUAL BACKGROUND

1. Plaintiff alleges that her Beats Studio Pro headphones did not operate as well as she hoped when taking Teams and Zoom meetings or making voice calls. Sze Decl. Ex. A ("Compl.") ¶ 4. Her Complaint alleges that Apple warranted and advertised to consumers that the Beats headphones would be "optimized for call performance," when they allegedly did not work sufficiently well for that purpose. *See id.* ¶¶ 60–61, 71, 78. The Complaint asserts claims for "Breach of Express Warranty" (Count I), "Breach of Implied Warranty of Merchantability" (Count II), "Violation of California's Consumer Legal Remedies Act" (Count III), "Violation of California's Unfair Competition Law" (Count IV), "Fraudulent Misrepresentation & Concealment" (Count V), "Negligence" (Count VI), and "Unjust Enrichment" (Count VII). *Id.* ¶¶ 58–118.

2. Plaintiff purports to bring these claims on behalf of herself and proposed "Nationwide" and "California" classes. Compl. ¶ 53. As alleged in the Complaint, the putative classes would include all customers "who purchased Apple Beats Studio Pro series, including the Beats Fit Pro, Beats Solo Pro, and Beats Studio 3, from the period of July 9, 2021 to the present." *Id.*

## II.  TIMELINESS OF REMOVAL

3. On August 20, 2025, Plaintiff filed her Complaint in the Superior Court of the State of California for the County of Los Angeles, Case No. 25STCV24599.

4. Plaintiff served the summons and complaint on Apple Inc. on September 11, 2025.  Sze Decl. Ex. D.

5. This Notice of Removal is timely because it is filed within thirty days after "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. § 1446(b)(1).

## III.  GROUNDS FOR REMOVAL

6. Removal is proper under CAFA because at least one member of the putative class and Defendant are citizens of different states, there are at least 100 putative class members, and the combined value of alleged claims of all putative class members exceeds $5 million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d), 1441.

7. To be clear, Apple denies any liability in this case, both as to Plaintiff's individual claims and as to the claims she seeks to pursue on behalf of the putative classes.  Apple also denies that Plaintiff and the putative classes are entitled to any relief or damages.  Apple intends to and expressly reserves all rights to oppose class certification, object to the scope of the class, and contest the merits of all claims asserted in the Complaint.  Accordingly, for purposes of the jurisdictional requirements *only*, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million.  *See* 28 U.S.C. § 1332(d)(5)(B)–(d)(6).

### A.  There Is Minimal Diversity Between Apple and Members of the Proposed Nationwide Class

8. CAFA's minimal-diversity requirement is met if any member of a putative class is a citizen of a different state from any defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

9. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Apple is a corporation organized under the laws of California and with its principal place of business in California. Compl. ¶ 7.

10. Plaintiff's Complaint seeks to bring claims on behalf of a putative "Nationwide" class. Compl. ¶ 53.[1] Apple therefore alleges minimal diversity based on the understanding that Plaintiff's allegation about a "Nationwide" class is intended to include a putative class of consumers residing outside of the state of California, at least one of whom is not a citizen of California.

11. Because Apple is a citizen of California and Plaintiff proposes a putative "Nationwide" class, CAFA's minimal-diversity requirement is met.

**B.  The Proposed Class Consists of More Than 100 Putative Class Members**

12. Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contain at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff's proposed classes include "[a]ll consumers" in California and nationwide "who purchased Apple Beats Studio Pro series . . . from the period of July 9, 2021 to the present." Compl. ¶ 53. Plaintiff alleges on information and belief that "there are thousands of Class Members." *Id.* ¶ 55(a). Accordingly, while Apple denies that class treatment is permissible or appropriate, as alleged the proposed classes consist of more than 100 members.

**C.  The Amount in Controversy Exceeds $5 Million**

13. CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In calculating the

---

[1] The Complaint's definition of the proposed "Nationwide" class is identical to its definition of the proposed California class. Compl. ¶ 53. This appears to be a typographical error, as defining these classes separately and naming them distinctly only make sense if the "Nationwide" class was intended to be a nationwide class that includes consumers residing outside of California.

amount in controversy, a court must aggregate the claims of all individual putative class members. 28 U.S.C. § 1332(d)(6).

14. In assessing whether the amount in controversy requirement has been satisfied, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (internal quotations and citation omitted). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

15. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." (internal quotation marks and citations omitted)). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87.

16. Plaintiff alleges that she and the putative class members are entitled to, among other things, recover from Defendant "restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class," "damages under

1  common law and/or by statute," and "punitive damages."  Compl. at Prayer for Relief.
2  Plaintiff also requests that the Court order Apple "to disgorge all profits, revenues, and
3  benefits it obtained from the sale of defective Beats headphones."  *Id.* ¶ 118.  She further
4  seeks "[a]dditional awards of up to $5,000.00 for physical, emotional, or economic
5  damage for all senior citizen and disabled Class Members, pursuant to Civil Code
6  § 1780(b)(1)."  *Id.* at Prayer for Relief.

7        17.    Plaintiff's allegation that Beats Studio Pro headphones retail at $349.99
8  further supports that the amount-in-controversy requirement is met.  Compl. ¶ 22.  She
9  alleges that "estimates indicated that certain Beats models costing under $20 to produce
10 were sold for as much as $199, reflecting profit margins exceeding 800%."  *Id.* ¶ 24.
11 She also alleges that Apple's "Wearables, Home, and Accessories" category, which is
12 what Beats products fall under, generated $9.04 billion in revenue in Q4 of 2024.  *Id.*
13 ¶ 23.  She further alleges that, "[a]s of 2022, Beats by Dre saw a 553% increase in unit
14 shipments, reaching 2.4 million units."  *Id.* ¶ 21.

15       18.    Plaintiff's allegations about the retail price for the Beats Studio Pro
16 headphones ("$349.99"), the volume of shipments of Beats by Dre headphones in 2022
17 alone ("2.4 million units"), and purported revenue for this line of products ("$9.04
18 billion" for one quarter alone)—combined with Plaintiff's claims for the "disgorgement"
19 of all revenue from the sale of Beats, restitution, and compensatory and punitive
20 damages—demonstrate that the alleged amount in controversy exceeds $5 million.
21 Compl. ¶¶ 21–24, 118 & Prayer for Relief.

22       19.    Moreover, Plaintiff has not indicated that she will seek less than 25% of the
23 common fund in attorneys' fees, should she prevail.  *See* Compl. at Prayer for Relief
24 (seeking attorneys' fees for Plaintiff and proposed class members); *Lowery v. Rhapsody*
25 *Int'l, Inc.*, 75 F.4th 985, 990 (9th Cir. 2023) ("The typical benchmark for the percentage-
26 of-recovery approach is 25%.").  Thus, the amount in controversy absent attorneys' fees
27 surpasses the jurisdictional threshold, but this Court should nevertheless include the
28

potential attorneys' fees in evaluating jurisdiction as further confirmation that the amount in controversy requirement has been satisfied. *See Arias*, 936 F.3d at 922.

20. Although Apple denies that Plaintiffs' claims have any merit, for the purposes of meeting the jurisdictional requirements for removal *only*, if Plaintiff were to prevail on every claim and allegation in her Complaint on behalf of the entire putative classes, the requested monetary recovery would exceed $5 million.

## IV.   THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

21. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a) This is a civil action which is a class action within the meaning of § 1332(d)(1)(b);

   b) At least one member of the proposed classes is a citizen of a state different from Defendant as required by § 1332(d)(2)(A);

   c) Plaintiff alleges that the action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B); and

   d) The alleged amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2).

22. Accordingly, this action is properly removable under 28 U.S.C. § 1453.

23. The United States District Court for the Central District of California is the federal judicial district in which the Superior Court of California for the County of Los Angeles sits. 28 U.S.C. § 84(c). This action was originally filed in the Superior Court of California for the County of Los Angeles, rendering venue in this federal judicial district proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

24. Removal to the Western Division of the Central District of California is proper because it is the Division within which the state action is pending. 28 U.S.C. § 84(c)(2).

25. True and correct copies of all documents constituting the complete record of proceedings in the state court are attached to the Sze Declaration as Exhibits A to E, filed concurrently herewith. *See* 28 U.S.C. § 1446(a).

26. Upon filing this Notice, Apple will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the Superior Court of California for the County of Los Angeles, pursuant to 28 U.S.C. § 1446(d).

27. If any question arises as to propriety of removal to this Court, Apple requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

28. Apple reserves the right to amend or supplement this Notice.

Dated: October 10, 2025             Respectfully submitted,

By: */s/ Christopher Chorba*

Christopher Chorba, SBN 216692
  cchorba@gibsondunn.com
Kelly Gregg, SBN 353182
  kgregg@gibsondunn.com
Graham M. Stinnett, SBN 353846
  gstinnett@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.: 213.229.7396
Fac.: 213.229.6396

Wesley Sze, SBN 306715
  wsze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Ave.
Palo Alto, CA 94301
Tel.: 650.849.5347
Fac.: 650.849.5047

*Attorneys for Defendant Apple Inc.*