1  **SCHONBRUN SEPLOW HARRIS**
   **HOFFMAN & ZELDES, LLP**
2  HELEN I. ZELDES (SBN 220051)
   *hzeldes@sshhzlaw.com*
3  AMY C. JOHNSGARD (SBN 279795)
   *ajohnsgard@sshhzlaw.com*
4  501 W. Broadway, Ste. 800
   San Diego, CA 92101-3546
5  Tel: (619) 400-4990 / Fax: (310) 399-7040

6  **SCHONBRUN SEPLOW HARRIS**
   **HOFFMAN & ZELDES, LLP**
7  JOSHUA A. FIELDS (SBN 242938)
   *jfields@sshhzlaw.com*
8  9415 Culver Blvd., #115
   Culver City, CA 90232-2616
9  Tel: (619) 400-4990

10 *Attorneys for Plaintiff Kimberly Feeney and the*
   *Proposed Class.*
11

12

13                  UNITED STATES DISTRICT COURT
14                 CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION
15

16 KIMBERLY FEENEY, an individual, on        Case No.: 2:25-cv-9716-GW-
   behalf of themselves and all others                    AJRx
17 similarly situated,

18            Plaintiff,                       **CLASS ACTION**

19       v.                                    **FIRST AMENDED CLASS**
                                               **ACTION COMPLAINT FOR**
20 APPLE, INC., a California Corporation;      **DAMAGES AND INJUNCTIVE**
   and DOES 1-10,                              **RELIEF**
21

22            Defendants.

23                                             *[DEMAND FOR JURY TRIAL]*

24

25

26

27

28

1    Plaintiff Kimberly Feeney ("Plaintiff"), on behalf of herself and all others
2  similarly situated brings this class action complaint (the "Complaint") against
3  Defendant Apple, Inc., ("Apple" or "Defendant"). Plaintiff alleges the following
4  based upon information and belief, the investigation of counsel, and personal
5  knowledge as to the allegations pertaining to herself.

6                          **I.     NATURE OF THE CASE**

7    1.    Apple's Beats (blasting onto the scene as Beats by Dre – launched by
8  the famous music producer and hip hop mogul) continue to dominate the
9  headphone market. The Beats Studio Pro series headphones, including Beats Fit
10 Pro, Beats Solo Pro, and Beats Studio 3, ("Beats" or "headphones") are advertised
11 as offering "optimized voice performance," "loud , crisp, crystal-clear call
12 performance," and professional-grade call clarity.[1] Apple promoted these
13 headphones for seamless voice communication on platforms like Zoom and
14 Microsoft Teams, delivering "rich, immersive sound whether you're listening to
15 music or taking call." Apple further claims Beats have "enhanced compatibility
16 with one-touch pairing," "wirelessly connect to more devices via Bluetooth for
17 extended range and fewer dropouts."[2] However, while Apple charges a premium
18 price for the Beats line, consumers get a subpar experience and cannot use them
19 reliably for their basic advertised purposes. The Beats headphones contain a
20 pervasive and material defect that causes the built-in microphone to malfunction
21 during routine use, especially during phone and video calls.

22   2.    As a result of the defect, Plaintiff and similarly situated consumers
23 have suffered financial harm. They purchased headphones based on Apple's false
24 promises and paid a price that does not reflect the defective product's actual value.

---

[1] https://www.amazon.com/Beats-Studio-Pro-Kardashian-Compatibility/dp/B0D951B4HJ/;
https://www.apple.com/shop/product/MQTP3LL/A/beats-studio-pro-wireless-headphones-black.
[2] *Id.*

1  Consumers were deprived of the benefit of their bargain and are entitled to
2  restitution and damages.

3        3.      Plaintiff and class members suffered economic injury as a result of
4  purchasing defective Beats headphones. Defendant's sale of the defective
5  headphones:  (i) violated California's Business & Professions Code §§ 17200, *et*
6  *seq.* (the Unfair Competition Law or "UCL"); (ii) violated *California Business and*
7  *Professions Code* §§ 17500, *et seq.* (the False Advertising Law or "FAL"); (iii)
8  violated *California Civil Code* §§ 1750, *et seq.* (the Consumers Legal Remedies
9  Act or "CLRA"); (iv) constituted breach of the implied warranty of
10 merchantability pursuant to the Song-Beverly Consumer Warranty Act §§ 1790,
11 *et seq*.; (v) constituted breach of the implied warranty of fitness pursuant to the
12 *Song-Beverly Consumer Warranty Act* §§ 1790, *et seq*.; and (vi) constituted unjust
13 enrichment and violations of common law claims as described herein. Plaintiff
14 brings this action on behalf of a Nationwide Class and California Subclass for
15 damages, restitution, and injunctive relief, and any other relief deemed appropriate
16 by the court to which this case is assigned.

## II.     THE PARTIES

18       4.      Plaintiff Kimberly Feeney is, and at all times mentioned herein was,
19 an individual citizen of the State of California with her primary place of residence
20 in Pasadena.  On or about November 27, 2024, she purchased Beats Studio Pro x
21 Kim Kardashian headphones, in reliance on Defendant's advertising the
22 headphones professional quality microphones and capability for "optimized voice
23 calls."  When she began using the headphones in December 2024, it became
24 immediately apparent that the headphones did not function when she used them
25 for Microsoft Teams and Zoom meetings, which was their primary intended
26 purpose. Her colleagues informed her they could not hear her properly. The same
27 issue occurred when she attempted to use the headphones for voice calls and voice
28 memos.

5.     Plaintiff brought these defects to Apple's attention promptly. She brought the headphones to the Apple Genius bar and was advised to send them back for repairs. She was instead given a new pair in or around January 2025. However, the replacement headphones had the same defect as the pair she purchased. She brought this issue to Apple's attention once again and was advised once again to bring them in for repair. Instead, Apple again replaced the headphones with a third pair. On or about March 5, 2025, she addressed the issue with Apple through its customer support chat. After exchanging several messages with Apple regarding the history of issues with the three headphones, she was bluntly advised by the Apple representative that the headphones do not have a direct microphone and are not designed to use for calls or meetings.

6.     Plaintiff was shocked to learn that Apple had knowingly misrepresented the capabilities of the headphones to consumers such as Plaintiff and marketed these products as providing "high-quality call performance from upgraded voice-targeting microphones."

7.     Defendant Apple is a California corporation with its headquarters and principal place of business in Cupertino, California. Apple, Inc. is a global technology company that designs, manufactures, and markets a wide range of consumer electronics, including smartphones, personal computers, tablets, smartwatches, audio accessories, and headphones. Apple sells its products and services worldwide through its network of Apple retail stores, online platforms, authorized resellers, and third-party retailers. As of 2025, Apple operates over 500 retail stores globally and maintains a dominant presence in the consumer electronics market. In 2014, Apple acquired Beats Electronics and Beats Music for approximately $3 billion, integrating Beats' popular line of premium headphones, speakers, and audio software into its product ecosystem.

8.     Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-10, inclusive, and therefore sues such defendants

by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## III.     JURISDICTION AND VENUE

9.     This Court has personal jurisdiction over Defendant Apple because it is authorized to do business in the State of California, regularly conducts substantial business within this State, and has its principal U.S. business operations in California. Apple has retail stores, customer service centers, and authorized retailers located throughout California, including in this District.

10.     Venue is proper in this Court because a substantial portion of the acts and omissions giving rise to Plaintiff's claims occurred in this District, and Apple maintains retail and service operations here. Plaintiff purchased her Beats headphones from a retailer located in Los Angeles County and experienced the defects and resulting harm here. Plaintiff also sought service and replacement from Apple stores within this District.

11.     This action arises from Defendant's uniform conduct in marketing and selling defective Beats headphones—specifically, headphones that fail to function for voice calls or video conferencing as advertised—to consumers in Los Angeles County, throughout California, and nationwide.

## IV.     FACTUAL BACKGROUND

12.     The high-end headphone market is a multi-billion dollar industry, with global sales projected to exceed $28 billion by 2025. Since its launch in 2006, Beats Electronics—founded by music producer Dr. Dre and record executive Jimmy Iovine—has played a dominant role in shaping consumer trends in this space. Propelled by high-profile celebrity endorsements from figures such as

4

2:25-cv-09716-GW-AJR   Document 16   Filed 11/12/25   Page 6 of 36   Page ID
#:158

1   LeBron James and Kim Kardashian, Beats headphones rapidly gained popularity
2   and emerged as a cultural status symbol. By 2014, Beats had captured
3   approximately 60% of the premium ($100+) headphone market. Recognizing the
4   brand's market dominance and long-term revenue potential, Apple acquired Beats
5   Electronics and Beats Music in May 2014 for approximately $3 billion, marking
6   one of the largest acquisitions in Apple's history.

7        13.    Consumers increasingly purchase premium headphones not just for
8   audio playback, but for reliable use in voice calls and video conferencing—a trend
9   driven by the rise of remote and hybrid work. Nearly 49% of users report
10  experiencing audio issues during video calls at least once a week, highlighting the
11  importance of clear, high-performing microphones and consistent audio quality for
12  communication purposes.[3]

13       14.    In response to this demand, the global market for premium
14  headphones is projected to grow from $25.1 billion in 2025 to $72.7 billion by
15  2032, with smart headphones—those offering features like active noise
16  cancellation and voice optimization—expected to reach $46.6 billion in the same
17  period.[4] These figures confirm that consumers reasonably expect premium
18  headphones, including Apple Beats headphones to function effectively for
19  professional and everyday communication needs, and marketing claims promoting
20  "crystal-clear call performance" and "voice-targeting microphones" are central to
21  that expectation.

22       15.    Apple markets Beats headphones—including the Studio Pro, Solo
23  Pro, and Studio3—as premium products designed for both every day and

24
_____
25  [3] ZebraCat, *Video Conferencing Statistics*, https://www.zebracat.ai/post/video-conferencing-
    statistics.
26  [4] Coherent Market Insights, Premium Headphones Market Analysis & Forecast: 2025-
    2032, https://www.coherentmarketinsights.com/market-insight/premium-headphones-market-
27  2829; Consegic Business Intelligence, Smart Headphones Market – Size, Share, Industry
    Trends, and Forecasts, https://www.consegicbusinessintelligence.com/smart-headphones-
28  market.

5
FIRST AMENDED CLASS ACTION COMPLAINT

professional use, with features aimed at enhancing communication.[5] Across retail channels and promotional materials, Apple claims the Studio Pro offers "crystal-clear call performance" and "voice-targeting microphones for enhanced call quality," highlighting compatibility with platforms such as Zoom, FaceTime, and Microsoft Teams.

16. Apple also advertises "personalized spatial audio with dynamic head tracking," "fully adaptive Active Noise Cancelling," and the ability to "seamlessly switch between Apple and Android devices," positioning the headphones as universally compatible and suitable for modern, hybrid work environments.

17. In practice, however, consumers report persistent and widespread issues with voice call functionality across these Beats models. Users describe their voice as muffled, faint, distorted, or sounding "like they are in a tunnel or underwater," rendering the headphones unreliable for phone and video conferencing.

18. These performance failures have been documented across all major operating systems—including iOS, Android, and Windows—indicating that the issues stem from the headphones' hardware or firmware, not from user error or device incompatibility.

19. Despite these functional shortcomings, Apple continues to prominently feature the Studio Pro as the flagship Beats product on its website and retail platforms, reinforcing the product's purported suitability for communication and cross-platform use. Apple aggressively markets the Studio Pro headphones on Apple's website, on the "Accessories" page, under Beats by Dre, the Studio Pro headphones are the first featured product.[6]

---

[5] *Beats Studio Pro – Apple Official Site*,
https://www.apple.com/shop/product/MQTR3LL/A/beats-studio-pro-wireless-headphones-sandstone?fnode.

[6] Image Sources: https://www.apple.com/shop/product/MQTR3LL/A/beats-studio-pro-wireless-headphones-sandstone?fnode; https://www.beatsbydre.com/.

6



20. Apple's aggressive marketing is effective—Beats remains one of the most recognizable and commercially successful headphone brands in the global market. As of 2022, Beats by Dre saw a 553% increase in unit shipments, reaching 2.4 million units, due in part to strong sales of its Studio Buds and Fit Pro models.[7]

21. Apple released the Beats Studio Pro headphones on July 19, 2023, as its flagship over-ear model featuring active noise cancellation, transparency mode, USB-C audio, and spatial audio. Retailing at $349.99, the Studio Pro is marketed to both Apple and Android users.

---

[7] Chance Miller, *AirPods shipments fall as Beats headphones surge by 553% thanks to Studio Buds and Fit Pro*, 9to5Mac (June 6, 2022), https://9to5mac.com/2022/06/06/airpods-shipments/.

FIRST AMENDED CLASS ACTION COMPLAINT

22.     Beats products fall under Apple's "Wearables, Home, and Accessories" category, which generated $9.04 billion in revenue in Q4 2024 alone. While Apple does not report product-specific earnings, Beats remains a major contributor to this segment. Beats continues to occupy a significant segment of the premium wireless headphone market, leveraging Apple's global distribution channels and brand influence.

23.     Beats are also highly profitable for Apple. Prior estimates indicated that certain Beats models costing under $20 to produce were sold for as much as $199, reflecting profit margins exceeding 800%. Though exact figures for the Studio Pro are unavailable, similar markups are likely.

24.     Because Beats are cheaply constructed, despite the premium price tag, they perform poorly or not all as advertised. One consumer summarized it well:

> I wanted some good quality brand name over-the-ear headphones for noise cancelling quality, microphone usage (for work, or messaging), and for comfort. These headphones are terrible for ALL of that. 1) Noise cancelling. I thought my wireless beats (from 7 years ago) had pretty good noise cancelling so surely these over the ear headphones will work. Nope. I find myself switching to "transparent" mode accidentally bc SURELY this isn't considered the noise cancelling mode?? Very terrible for $180 (on sale) LET ALONE $300??? 2) Microphone usage is important since I take calls on these. When I try to record voice notes, it sounds like I'm in a tunnel AND 30 ft away. Outrageous for a brand OWNED by Apple. I have to disconnect my Bluetooth so I can use my iPhone mic. Please save your money and spring for Sony or Bose. I'm urging you to buy $30 ones because I'm sure they'll be better. Additionally! Sound quality is terrible! They sound like every day regular headphones you can buy for literally $20.

1    25.    Apple specifically markets the Beats Studio Pro and other Beats Pro
2    models as premium, all-purpose headphones optimized for both entertainment and
3    communication. On its website and in promotional materials, Apple claims that
4    Beats Studio Pro headphones deliver "crystal-clear call performance," "voice-
5    targeting microphones," and "fully adaptive Active Noise Cancelling." These
6    representations are designed to promote the idea that the headphones are not only
7    high-fidelity audio devices but are also reliable tools for phone calls and virtual
8    meetings across professional and everyday settings.[8]





---

[8] Images Source: https://www.beatsbydre.com/headphones/studio-pro-wireless.

FIRST AMENDED CLASS ACTION COMPLAINT

26.    Apple reinforces these representations by emphasizing the Studio Pro's "universal compatibility" and its ability to "seamlessly switch between Apple and Android devices." Apple presents these headphones as ideal for hybrid work and communication, claiming that users can enjoy "enhanced call quality" and uninterrupted voice transmission across various platforms, including Zoom, FaceTime, and Microsoft Teams.

27.    These representations are false and misleading because the headphones routinely fail to deliver reliable microphone performance, as users report muffled, distorted, or inaudible voice output that renders the product ineffective for its advertised purpose.

28.    Apple's advertisements of the Beats Pro headphones uniformly empathize their "LOUD AND CLEAR - Voice-targeting mics precisely filter background noise for crisp, clear call performance".



29.    And on the Amazon Beats page, Apple again claims the Studio Pro headphones provide "crisp, clear call performance" :

> Beats Studio Pro has six total microphones, enabling high-quality call performance as well as ANC and Transparency performance. Four microphones are dedicated to ANC and Transparency mode processing, and two beam-forming microphones are positioned out the outside of the ear cups to target your voice when on phone calls, video conferencing, or while using your voice assistant.[9]

---

[9] https://www.amazon.com/Beats-Studio-Pro-Personalized Compatibility/dp/B0C8PR4W22?ref_=ast_sto_dp&th=1

FIRST AMENDED CLASS ACTION COMPLAINT



30.     But a virtually unending string of consumer complaints[10] put Apple's advertising to the fire. One consumer succinctly summarized the problem:

> The one drawback, and important one, is that **the phone calls were not up to Apple standards in my opinion. the microphone had serious flaws during calls.** People told me that the volume was uneven, my voice was in and out without any change in the position of the mic. Also, the ear cups were uncomfortable after wearing the headset for a short time (sometimes even painful). Generally, I like Apple products, but this item was definitely not up to par.

---

[10] https://discussions.apple.com/thread/255391494?sortBy=rank; https://www.reddit.com/r/beatsbydre/comments/1clavec/beats_studio_terrible_call_quality/.

FIRST AMENDED CLASS ACTION COMPLAINT

**Consumer Complaints Concerning Apple's Defective Beats Studio Pro Headphones**

31.     As the manufacturer, marketer and seller of Beats headphones, Apple possesses specialized knowledge about the composition of its headphones and component parts and is in a superior position to know and learn about potential defects. As evidenced by the many purchasers of the defective Beats headphones who have gone through the trouble of calling Apple and visiting online forums to complain about the Defect, Apple had notice of this Defect.

32.     Hundreds of consumer complaints about the Defect in the Beats Pro headphones are posted on consumer websites, including Reddit and Amazon. The complaints reflect the early and continued manifestation of the Defect, numerous replacements of the headphones to try and remedy the issue and Apple's refusal to take responsibility for the Defect, as these samples show:

> The sound quality was 'horrible' and voice transmission on web conference calls was far below acceptable. No documented way to resolve this. Not recommended for use in conference calls, Webex, Zoom, or Teams.

***

> After about a week the voice phone quality went down the toilet…on the phone or F[ace]T[ime] and they would sound like I was underwater…called into insurance support & Apple, did basic troubleshooting we all know (unlink, turn On/Off). The problem still persisted. I purchased this on sale, but it was still a pretty penny after adding insurance. For product support to be of no real assistance, I returned them.

***

> I think this is a listen only headphones. Microphone barely work[s] like it's so quiet. I tried multiple times with this, and it doesn't work. I tried holding the headphones in hand and talk like a phone inside it. Doesn't work.

***

> I have the same issue with android. I have to put the "headband" part on the back of my head, so the mic is closer to my mouth. If you have

12

1

2

3

long hair, be careful doing this because your hair will get stuck in the
headphones to the point where I thought I would have to cut my hair
to get it out.. The price point that these headphones are I expect much
much better.

\*\*\*

4

5

6

Bought these headphones to have a wireless option for work calls,
but the microphone never seems to work with my work PC using
MS Teams. Always told that my voice seems far away to others.

\*\*\*

7

8

9

10

I've had the same experience. Mic doesn't work unless plugged in
via USB-C. Thank you for this suggestion, probably will be
returning these since it's not worth having only working audio OR a
working microphone for $200+.

\*\*\*

11

12

13

14

Glad I'm not the only one. Bought them maybe a year ago…[e]very
time I'm in a call, the people on the other end say they cannot hear
me, or that it's as if I'm talking through a pillow. These really just
have a terrible microphone in them lol.

15

16

17

18

19

20

33.    To ensure its Beats Pro headphones would be fit for their intended
use, *i.e.*, premium sound and voice call capability, Apple should have tested its
Beats headphones prior to selling them to consumers. Had Apple exercised
reasonable care in testing its Studio Pros, it would have discovered the Defect.
Instead, Apple sold defective Studio Pros to Plaintiff and to class members that
were unfit for their intended use. One customer summarized the issue:

21

22

23

24

25

26

27

28

Here it comes the technological leap back! This headset does not
support mic input if you have a Windows laptop. So, forget about it
even if you plan to use for Zoom calls…how Beats /Apple could miss
this is beyond me….when we talk about Windows OS we are talking
about 70% of market share. Almost any household has a computer
with some version of Windows installed…points to bad design, lack
of testing product before released to market….nothing on instructions
or box indicating lack of functionality…probably discovered after
release…most products are thoughtfully tested BEFORE it is put on
the market…here they even missed to test for basic combinations for
compatibility. Just bad! PS the problem has been known for quite a

13

while (I've seen reviews and complaints on both Apple and Microsoft websites for over a year. No solution in sight.

34.    Professional reviewers also found that when testing the Studio Pros, Studio3 and Fit Pro Beats models, all of them did not perform as advertised.

The mic makes your voice sound bright but also hollow and lacking in body. The quality is inconsistent, so during a phone call, the quality can noticeably dip for a few seconds before recovering. The manufacturer advertises better call quality via USB-C. However, we found only a small improvement via USB-C if you're in a quiet area… The mic has a disappointing noise-handling performance. It can separate your voice somewhat from moderate noise, like at the office, but it'll still be audible in the background. With louder noise, like a train passing, your voice gets completely drowned out. Again, the manufacturer advertises a better mic performance via USB-C, and we didn't find much noticeable difference with that connection.
*-Review of Beats Studio Pros -RTNGS.com*

***

… a downside to the Beats Solo Pro, it's the microphone. The beam-forming mics led me to have high hopes for the microphone quality. Unfortunately, low-end attenuation is too great to accurately reproduce vocals. As illustrated by the demonstration below, my voice sounds muffled, distant, and outstandingly inaccurate. Put plainly, you're best off using your smartphone's microphone for both professional and personal calls…. As of December 13, 2022, 1,493 readers—roughly 70% respondents—have rated the above mic sample as somewhere between "bad" and "okay." This is a below average result for this kind of microphone system.
*-Review of the Beats Solo Pro -SoundGuys*

***

The internal microphone demos highlight that voices sound slightly muffled, and background noise causes distortions, making this headset less than ideal for anything but a quiet environment.
*-Review of Beats Studio 3 -SoundsGuys*

35.    Even on Apple's own website, consumers have complained repeatedly about the Beats Pro models for use on calls:

1
2
3
4
5
6

When trying to use my new Beats Studio Pros with my windows 10 laptop, my coworkers said they could hardly hear me on a [Microsoft] [T]eams call. Thinking it may just be a [T]eams thing, I poked around in settings and even tried and audio test. ***Turns out it's hardly picking up my voice at any time and not just in teams.*** When comparing to the built in mic of the lap top I can see the level move when I speak, and nothing at all for the headphones. … If it's really that bad on a laptop I don't know if I can keep these.

\*\*\*

7
8
9
10
11
12
13

… The beats studio pro microphone does not work on Microsoft windows desktops. You can hear fine, but the microphone doesn't work. When using teams beats microphone does not work there is no volume coming out of it. I have tested it in the system, and it shows no volume you can hear fine, but the microphone is not working. I connect other wireless headphones or earbuds and they all worked fine.  Two different desktops and both have the same problem…at this point they are completely useless with a PC…you can hear but nobody hears you when you talk…hopefully Beats fixes this.

\*\*\*

14
15
16
17
18
19
20
21

…has someone find a solution for this? We have the same issue my teammates can hardly hear me on teams call when connected the beats studio pro to the computer (windows 10 64 bits very new computer)…Who can we call attention to Apple to fix this? it is not possible we purchase a headphone and doesn't work for the purpose we purchase them. I really need apple support for this, and I contacted local [A]pple service center and they told me they just can check the headphones but not software or compatibility with the PC, so I don't know what to do!!

\*\*\*

22
23
24
25
26

36.     Apple continues to manufacture, market, and sell its defective Studio Pro headphones even after endless consumer complaints about the Defect. And Apple continues to profit from the sale of defective Studio Pro headphones, while Plaintiff and class members incurred damages, including the price they paid to purchase the Beats headphones and the costs to repair or replace them.

27
28

37.     Plaintiff and class members each have spent hundreds of dollars on Beats headphones that do not function properly.

15

38.     In fact, as numerous consumers have pointed out, the problem is not only that Apple sells headphones that fail to deliver on their advertised promise of "crystal-clear call performance"—it is that Apple fails to meaningfully acknowledge or remedy the issue when complaints arise.

39.     When users contact Apple support to report microphone malfunctions during voice or video calls, they are frequently met with generic troubleshooting steps such as resetting the headphones or updating firmware—solutions that do not resolve the underlying defect. Some consumers have been told that Apple is "aware of the issue" and "working on a fix," but no timeline or resolution is offered. Others are advised to exchange their headphones, only to receive replacement units plagued by the same problems. Several users, including Ms. Feeney, have gone through multiple sets of Beats Studio Pro headphones, encountering the same recurring defect: the inability to be reliably heard during phone or video calls, across Apple, Android, and Windows devices.

**Plaintiff Kimberly Feeney's Defective Beats Studio Pro headphones and Repeated Attempts at Warranty Repair**

40.     Ms. Feeney purchased the Beats Studio Pro x Kim Kardashian Edition in November 2024, from an authorized third-party online retailer for an advertised sale price of $159.99. She intended to use her headphones primarily for work calls and video meetings.

41.     Prior to her purchase, in or around November 2024, Ms. Feeney went onto the Amazon website and saw that the Beats Studio Pro headphones were advertised to be "optimized for voice calls" with "enhanced microphones." Ms. Feeney purchased her headphones in reliance on this misrepresentation.

42.     When Ms. Feeney began attempting to use her headphones for Microsoft Teams and Zoom meetings, then voice calls and voice memos, in the month after her purchase, she immediately realized the product was unusable for these purposes which were the primary motivation for her purchase. She attempted

1 multiple troubleshooting steps—including reporting the issue to the Apple Genius
2 bar, chatting with Apple customer support, and obtaining two replacement sets of
3 headphones, rebooting the headphones, disconnecting and re-pairing them with
4 her devices, and installing software updates—but the microphone issues persisted.
5 In an effort to resolve the problem, Ms. Feeney visited an Apple Store, where a
6 technician confirmed that the headphones produced extremely low or inaudible
7 volume during calls and when recording voice memos.

8     43.    Ms. Feeney brought the headphones to the Apple Store on two
9 separate occasions. Each time, Apple technicians tested the headphones and were
10 able to replicate the defects: low or nonexistent microphone input during calls,
11 voice memos, voice commands (*e.g.*, "Hey Siri"), and video recordings. Apple
12 acknowledged the issue but informed her that the only available remedy was a
13 replacement pair of the same model. Ms. Feeney was given replacement units on
14 both occasions—but each pair displayed the same defect as the initial pair she had
15 purchased.

16     44.    On March 5, 2025, Plaintiff contacted Apple Support again, this time
17 via the company's online chat feature. After explaining the ongoing microphone
18 issues, an Apple Advisor responded by stating, "I understand Kimberly in this
19 case. There is something you must take into account. In general, ***headphones of***
20 ***this style are not designed to talk through calls or meetings***. ***Because these do***
21 ***not have microphones such as a headset that incorporate a plastic bar that is***
22 ***direct to the microphone. These Beats models are used specifically to play***
23 ***multimedia content or listen to music mainly. That's why when you try to talk***
24 ***through them you won't hear well due to a lack of a direct microphone***."

25     45.    This is the exact opposite of what the Beats headphones are advertised
26 to do.  Plaintiff thus brings this consumer class action as a result of Defendant's
27 deceptive marketing of Beats headphones, which suffer from a material defect: the

28

1    built-in microphone frequently malfunctions during phone calls and video
2    conferencing, contrary to Apple's express representations.

3        46.    Through widespread advertising campaigns, Defendant has
4    misrepresented the capabilities of the Beats headphones. Apple repeatedly touts
5    the headphones' voice clarity, stating that the product features "voice-targeting
6    microphones" that "precisely filter background noise for crisp, clear call
7    performance" and "six total microphones enabling high-quality call performance."
8    These marketing claims are prominently featured on Apple's website, product
9    packaging and third-party distribution channels and are reinforced by Apple's
10   status as a premium brand with a reputation for high-performance devices.

11       47.    But the Beats headphones are not capable of delivering the voice
12   clarity and functionality that Apple promises. The microphone frequently
13   malfunctions, cutting out completely or producing distorted, muffled, or faint
14   audio. Consumers report that their voices sound as if they are "speaking from a
15   tunnel" or "underwater," and in some cases, the microphone fails to register any
16   audio at all. These issues persist across various devices and communication
17   platforms, rendering the headphones unfit for their marketed purpose.

18       48.    Despite numerous consumer complaints and negative reviews
19   highlighting this defect, Defendant has not publicly acknowledged the microphone
20   issue or made any meaningful effort to resolve it.

21       49.    Reliable microphone functionality is a core and material feature of
22   the Beats headphones. Given that the headphones are expressly marketed for call
23   and conferencing use, a defective microphone renders the Product unable to
24   perform its essential functions and therefore essentially worthless for its advertised
25   purpose.

26       50.    Reasonable consumers expect that high-end headphones will perform
27   as advertised, particularly when purchased at a premium price. In a time where
28   remote work and mobility are necessary and highly valued elements of everyday

18

1  life, consumers heavily rely on their electronic devices performing consistently

2  and reliably. Headphones marketed as offering "optimized voice performance" are

3  expected to deliver on that promise, especially when used for essential daily

4  functions like professional phone calls, virtual meetings, and video conferencing.

5  Plaintiff and members of the Class would not have purchased the Beats

6  headphones—or would have paid significantly less—had they known the

7  headphones suffer from a critical microphone defect that undermines their

8  advertised utility.

9                      **V.    CLASS ACTION ALLEGATIONS**

10        51.    Plaintiff brings this action on behalf of herself, and all others similarly

11  situated, pursuant to Federal Rules of Civil Procedure, Rule 23.

12        52.    The proposed classes consist of the following:

13        **Nationwide**:    All consumers residing in the United States who
          purchased Apple Beats Studio Pro series, including the Beats Fit Pro,
14        Beats Solo Pro, and Beats Studio 3, from the period of July 9, 2021 to
15        the present (the "Nationwide Class Period").

16        **California**:   All consumers residing in the state of California who
          purchased Apple Beats Studio Pro series, including the Beats Fit Pro,
17        Beats Solo Pro and Beats Studio 3, from the period of July 9, 2021 to
18        the present (the "California Class Period").

19

20        53.    The following persons and entities are excluded from the proposed

21  class: Defendants, their employees, contractors, officers, directors, legal

22  representatives, heirs, successors and wholly or partly owned subsidiaries or

23  affiliated companies; class counsel and their employees; and the judicial officers

24  and their immediate family members and associated court staff assigned to this

25  case.

26        54.    This action is properly brought as a class action for the following

27  reasons:

28

                                         19

a) The proposed class is so numerous that the joinder of all Class Members is impracticable. While Plaintiff does not know the exact number and identity of all Class Members, Plaintiff is informed and believes that there are thousands of Class Members. The precise number of Class Members can be ascertained through discovery, which will include Defendants' business records;

b) The disposition of Plaintiff's and the Class Members' claims in a class action will provide substantial benefits to both the parties and the Court;

c) The proposed class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed class member were infringed or violated in the same fashion;

d) There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular Class Members. Such common questions of law and fact include, but are not limited to:

1. Whether the Beats headphones were defective in design and/or manufacture, and unfit for their intended purpose, particularly with respect to voice call functionality.

2. Whether Apple falsely or deceptively advertised the Beats headphones as "optimized for voice calls" and misrepresented their capabilities through marketing, warranties, and promotional materials.

3. Whether Apple breached express and implied warranties, including the implied warranty of merchantability, by selling defective Beats headphones.

4. Whether Apple engaged in false advertising and deceptive business practices in violation of California's False Advertising Law (Bus. & Prof. Code § 17500), Unfair Competition Law

20

(Bus. & Prof. Code § 17200 et seq.), and Consumer Legal
Remedies Act (Civ. Code § 1750 et seq.).

5. Whether Apple intentionally or negligently misrepresented or
omitted material facts, and whether Class members relied on
such misrepresentations in purchasing the headphones.

6. Whether Plaintiffs and Class members suffered economic
harm as a result of Apple's conduct, including the failure to
receive the benefit of their bargain.

7. Whether Apple was unjustly enriched by retaining funds from
the sale of defective Beats headphones.

8. Whether Plaintiffs and Class members are entitled to
compensatory, statutory, and exemplary damages, restitution,
attorneys' fees, equitable relief, and injunctive relief prohibiting
further deceptive conduct.

e) Plaintiff's claims are typical of the claims of the Class Members.
Plaintiff and all Class Members have been injured by the same
wrongful practices of Defendants. Plaintiff's claims arise from the
same practices and conduct that give rise to the claims of all Class
Members and are based on the same legal theories;

f) Plaintiff will fairly and adequately protect the interests of the
proposed class in that they have no interests antagonistic to those
of the other proposed Class Members, and Plaintiff has retained
attorneys experienced in consumer class actions and complex
litigation as counsel;

g) A class action is superior to other available methods for the fair
and efficient adjudication of this controversy for at least the
following reasons:

1)   Given the size of Class Members' claims and the
expense of litigating those claims, few, if any, Class
Members could afford to or would seek legal redress

1

2

3

4

individually for the wrongs Defendant committed
against them, and absent Class Members have no
substantial interest in individually controlling the
prosecution of individual actions;

5

6

7

8

    2)    This action will promote an orderly and expeditious
administration and adjudication of the proposed class
claims, and economies of time, effort and resources will
be fostered, and uniformity of decisions will be ensured;

9

10

11

12

13

    3)    Absent class certification of Plaintiff' claims, Class
Members will continue to suffer damages, and
Defendant's violations of law will proceed without
remedy while Defendant continue to reap and retain the
substantial proceeds of its wrongful conduct; and

14

15

16

    4)    Plaintiff knows of no difficulty that will be encountered
in the management of this litigation which would
preclude its maintenance as a class action.

17

18

19

    55.    Defendant has, or has access to, address information for Class
Members which may be used for the purpose of providing notice of the pendency
of this class action.

20

21

    56.    Plaintiff seeks damages and equitable relief on behalf of the proposed
class on grounds generally applicable to the entire proposed class.

22

**CAUSES OF ACTION**

23

**COUNT 1**

24

*(Breach of Express Warranty)*

25

26

    57.    Plaintiff hereby refers to and incorporates by reference each and
every allegation contained in the preceding paragraphs of this Complaint.

27

    58.    Apple's one-year warranty states:

28

> Your Apple-branded or Beats-branded hardware product
> ("Product") is warranted against defects in materials and
> workmanship for a period of ONE (1) YEAR from the date of
> original retail purchase ("Warranty Period") when used in
> accordance with Apple`s user manuals (refer to
> https://www.apple.com/support/country). Under this warranty,
> you will be able to direct your claims to Apple even in
> situations where you purchased the Apple Product from a third-
> party. If a defect arises during the Warranty Period, Apple, at
> its option will (1) repair the Product at no charge using new
> parts or parts that are equivalent to new in performance and
> reliability, (2) exchange the Product with a product with
> equivalent functionality formed from new and/or previously
> used parts that are equivalent to new in performance and
> reliability or with your consent, a product that is at least
> functionally equivalent to the product it replaces, or (3) refund
> the original purchase price.

59. Apple violated this express warranty by repeatedly failing to repair or replace Plaintiff's defective Studio Pro headphones and instead providing Plaintiff and the Class with only a temporary fix: new or refurbished Studio Pro headphones which contained the same defect.

60. Additionally, by advertising that Studio Pro headphones are "optimized for call performance," Apple expressly warranted to Plaintiff and Class members that the Studio Pro headphones would work for their intended purpose when used for calls or video conferencing.

61. Such statements became the basis of the bargain for Plaintiff and other Class members because such statements are among the facts a reasonable consumer would consider material in the purchase of high-end sport headphones.

62. Apple breached this express warranty by delivering Beats Pro headphones that do not deliver as promised and fail to provide "crystal-clear" quality sound for phone calls. As a result of the foregoing breaches of express warranty, Plaintiff and the Class have been damaged in that they purchased Beats Pros that could not perform as warranted, did not receive the benefit of the bargain

1  of their Beats Pros purchase, and did not receive an adequate repair or replacement

2  headphones under Apple's one-year warranty.

3      63.    Plaintiff and the class seek all damages permitted by law in an amount

4  to be determined at trial.

5                              **COUNT II**

6                *(Breach of Implied Warranty of Merchantability –*

7                    *California Civil Code § 1791, et seq.)*

8      64.    Plaintiff hereby refers to and incorporates by reference each and

9  every allegation contained in the preceding paragraphs of this Complaint.

10     65.    The Studio Pros are a "consumer good" within the meaning of *Civil*

11 *Code* § 1791(a). Plaintiff and members of the Class are "buyers" within the

12 meaning of *Civil Code* § 1791(b). Apple is a "manufacturer" of the Studio Pros

13 within the meaning *Civil Code* § 1791(j).

14     66.    Apple impliedly warranted to Plaintiff and Class members that its

15 Studio Pros were "merchantable" within the meaning of *Civil Code* §§ 1791.1(a)

16 and 1792; however, the Studio Pros do not have the quality that a buyer would

17 reasonably expect and were therefore not merchantable.

18     Pursuant to *Civil Code* § 1791.1(a):

19

20     'Implied warranty of merchantability' or 'implied warranty that goods
       are merchantable' means that the consumer goods meet each of the

21     following:

22         (1) Pass without objection in the trade under the contract description;

23         (2) Are fit for the ordinary purposes for which such goods are used;
           (3) Are adequately contained, packaged, and labeled; and

24         (4) Conform to the promises or affirmations of fact made on the

25             container or label.

26     67.    The Studio Pro headphones fail to perform as warranted and would

27 not pass without objection in the trade, as they do not provide reliable—or even

28

                                   24

1  feasible—functionality for voice calls or video conferencing, undermining a core

2  purpose for which they are marketed and purchased.

3      68.    Similarly, the Studio Pros' failure to provide functional noise-

4  cancelling support for voice transmission renders them unfit for the ordinary

5  purposes for which such goods are used, including clear communication during

6  phone and video calls.

7      69.    The Studio Pros are not adequately contained, packaged, and labeled

8  because the labeling represents that they are optimized for crystal clear voice calls,

9  which they are not. For the same reason, the Studio Pros do not conform to the

10  promises or affirmations of fact made on the container or label.

11      70.    Apple thus breached the implied warranty of merchantability. Notice

12  of breach is not required because Plaintiff and the other Class members did not

13  purchase their Studio Pros directly from Apple.

14      71.    As a direct and proximate result of Apple's breach of the implied

15  warranty of merchantability, Plaintiff and the other Class members did not receive

16  the benefit of their bargain and received goods with a defect that substantially

17  impairs their value to Plaintiff and Class members. Plaintiff and Class members

18  were damaged as a result of the defect in the Studio Pros, the product's

19  malfunctioning, and the nonuse of their Studio Pros.

20      72.    Pursuant to *Civil Code* §§ 1791.1(d) and 1794, Plaintiff and the Class

21  members are entitled to damages and other legal and equitable relief including, at

22  their election, the purchase price of their Studio Pros or the overpayment or

23  diminution in value of their Studio Pros.

24      73.    Pursuant to *Civil Code* § 1794, Plaintiff and the Class members are

25  entitled to costs and attorneys' fees.

26  / / /

27  / / /

28  / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT III

### *(Violation of California's Consumer Legal Remedies Act,*
### *Civil Code §§ 1750, et seq.)*

74. Plaintiff hereby refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

75. Defendant Apple is a "person" as defined by *Civil Code* § 1761(c). Plaintiff and the Class Members are consumers within the meaning of *Civil Code* § 1761(d). The purchase of the Products by Plaintiff and the Class are "transactions" within the meaning of *Civil Code* § 1761(e). The Products purchased by Plaintiff and the Class are "goods" within the meaning of *Civil Code* § 1761(a).

76. The Consumers Legal Remedies Act ("CLRA") set forth at *Civil Code* § 1750, *et seq.* prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]" Cal. Civ. Code § 1770(a).

77. Apple has engaged in unfair or deceptive trade practices that violated *Civil Code* § 1770(a), as described herein, by, among other things, failing to disclose the defective nature of the Studio Pros, representing that the Studio Pros had characteristics and benefits that they do not have (*e.g.*, optimized for crystal clear voice calls, premium microphones with enhanced voice clarity, etc. ), representing that the Studio Pros were of a particular standard, quality, or grade when they were of another, and advertising Studio Pros with the intent not to sell them as advertised. *See* Cal. Civ. Code §§ 1770(a)(5), (a)(7), (a)(9).

78. Apple knew, should have known, or was reckless in not knowing that its products did not have the qualities, characteristics, and functions it represented, warranted, and advertised them to have.

79. Plaintiff and Class members are reasonable consumers who expected that their Studio Pros would work as represented.

26

80.     As a result of Apple's conduct and unfair or deceptive acts or practices, Plaintiff and Class members suffered actual damages in that the Studio Pros do not function as represented and are not worth the amount paid and Apple has deprived Plaintiff and Class members the benefit of the bargain.

81.     Pursuant to § 1782(a) of the CLRA, on April 22, 2025, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that within thirty (30) days from that date, it rectify the problems associated with the actions detailed above. The letter also stated that if Defendant refused to do so, a complaint seeking damages in accordance with the CLRA would be filed. Thirty days elapsed, and Defendant failed to rectify the unlawful, unfair, false, and/or deceptive practices alleged herein. On July 14, 2025, Plaintiff's counsel sent a supplemental CLRA demand to Defendant by certified mail. Defendant also failed to rectify its practices within 30 days from receipt of that supplemental CLRA demand.

82.     Additionally, by their conduct described in this Complaint, Defendant has violated *Civil Code* § 1770(a)(5), (7), (9), (14), and (16).

83.     Under *Civil Code* § 1780, Plaintiff and the Class Members seek appropriate equitable relief, including an order enjoining Defendant Apple from the unlawful practices described herein, as well as recovery of attorneys' fees and costs of litigation, restitution of property, actual damages, punitive damages, and any other relief the Court deems proper.

84.     Additionally, any of the Plaintiff or Class Members that are senior citizens or disabled persons, as defined in *Civil Code* §§ 1780(b)(1) and 1781(f) and (g), may seek and be awarded up to an additional $5,000 for physical, emotional, or economic damage.

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT IV**

*(Violation of California's Unfair Competition Law,*

*Bus. & Prof. Code §§ 17200, et seq.)*

85.     Plaintiff hereby refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

86.     Defendant's conduct described herein violates each of the three prongs of the Unfair Competition Law (the "UCL"), codified at California Business and Professions Code § 17200, *et seq.*, as it constitutes unlawful, unfair, and fraudulent under each of the statute's three independent liability theories.

87.     The UCL prohibits, and provides civil remedies for, "unfair competition." Its purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. In service of that purpose, the Legislature framed the UCL's substantive provisions in broad, sweeping language.

88.     By defining unfair competition to include "any unlawful, unfair or fraudulent business act or practice," the UCL permits violations of other laws to be treated as unfair competition that is independently actionable and sweeps within its scope acts and practices not specifically proscribed by any other law.

89.     The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

90.     Apple's conduct related to the sale of its defective Beats Pros violated each of this statute's three prongs.

*Unlawful Prong*

91.     Apple committed an unlawful business act or practice in violation of *California Business & Professions Code* § 17200, *et seq*., by their violations of the CLRA, Cal. Civ. Code § 1750, *et seq*., as set forth above, by the acts and practices set forth in this Complaint.

1  ***Unfair Prong***

2       92.     Apple committed unfair business acts and practices in violation of

3  *California Business & Professions Code* § 17200, *et seq*., when it sold Studio Pros

4  that contained a defect causing them to fail to perform during voice calls, Zoom or

5  tele-conferencing; when it represented that the Studio Pros' "voice-targeting

6  microphones give you high-quality call performance", when in fact they cannot; and,

7  when in response to requests for replacement Studio Pros under Apple's warranty,

8  Apple sent consumers headphones that contained the same defect.

9  ***Fraudulent Prong***

10       93.     Apple committed fraudulent business acts and practices in violation

11  of *California Business & Professions Code* § 17200, *et seq*., when it affirmatively

12  and knowingly misrepresented that the Studio Pros were optimized for crystal clear

13  voice calls by actively filtering out background noise to enhance the clarity of your

14  voice, when in fact they cannot; and, when in response to requests for replacement

15  Studio Pros under Apple's warranty, Apple sent consumers headphones that

16  contained the same defect. Apple's representations and concealment of the defect

17  are likely to mislead the public with regard to the true defective nature of the Studio

18  Pros.

19       94.     As a direct and proximate result of Apple's unfair and deceptive

20  practices, Plaintiff and Class members suffered and will continue to suffer actual

21  damages.

22       95.     As a result of its unfair and deceptive conduct, Apple has been

23  unjustly enriched and should be required to disgorge its unjust profits and make

24  restitution to Plaintiff and Class members pursuant to *California Business &*

25  *Professions Code* §§ 17203 and 17204.

26       96.     Plaintiff and the Class further seek an order enjoining Apple's unfair

27  or deceptive acts or practices, and an award of attorneys' fees and costs under CCP

28  § 1021.5.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT V**

*(Fraudulent Misrepresentation & Concealment)*

97.   Plaintiff hereby refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

98.   Apple engaged in fraudulent and deceptive conduct by intentionally misrepresenting and concealing material facts regarding the functionality of Beats headphones, including the Beats Studio Pro. Through uniform advertising, marketing materials, product packaging, and representations on its website and in retail channels, Apple falsely claimed that the headphones were "optimized for voice calls" and equipped with "voice-targeting microphones for enhanced call quality," when in fact they suffered from serious microphone defects that rendered them unreliable for such use.

99.   These representations were material to reasonable consumers and were uniformly disseminated to Plaintiff and Class members across all sales channels nationwide. Plaintiff and Class members relied on these misrepresentations in deciding to purchase Beats headphones, reasonably believing they were suitable for phone and video calls, voice commands, and other communication purposes.

100.   Apple also omitted and suppressed the material fact that Beats headphones routinely failed during voice calls across multiple platforms and operating systems. Despite being aware of widespread consumer complaints and confirming defects through internal support channels and in-store diagnostics, Apple failed to disclose this information to prospective buyers.

101.   Apple's actions constitute "actual fraud" under *Civil Code* § 1572 because Apple:

102.   Knowingly made false representations about the headphones' voice call functionality by:

1

2

3

4

5

        a.     Positively asserting those representations without reasonable basis;

        b.    Suppressing material facts regarding the defects; and/or

        c.     Promising to deliver headphones that could function as described, with no intent to do so.

6

7

8

9

103.  Apple's conduct also constitutes "deceit" as defined in California *Civil Code* § 1710, in that Apple willfully deceived Plaintiff and Class members with the intent to induce them to alter their position—to their detriment—by purchasing defective headphones.

10

11

12

104.  Apple's fraudulent conduct, omissions, and concealment were uniform across all Class members, and Apple's failure to disclose the known defect deprived Plaintiff and the Class of the benefit of their bargain.

13

14

## COUNT VI

### *(Negligence)*

15

16

105.  Plaintiff hereby refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

17

18

19

20

21

106.  Apple owed a duty to Plaintiff and the Class to exercise reasonable care in the design, manufacture, marketing, and sale of its Beats headphones, including the Beats Studio Pro and other affected models. This duty includes ensuring that the products were free from material defects and fit for their intended purpose.

22

23

24

25

26

107.  Apple breached that duty by designing, manufacturing, and distributing headphones that were defective and unfit for their advertised use, particularly for voice calls and virtual communication. Apple also breached its duty by failing to adequately test the product and by misrepresenting its functionality in marketing materials.

27

/ / /

28

/ / /

1    108.   As a direct and foreseeable result of Apple's negligence, Plaintiff and
2    Class members purchased defective headphones, suffered economic harm, and did
3    not receive the benefit of their bargain.

4    109.   Plaintiff's and Class members' injuries—including financial loss and
5    the inability to use the product as advertised—were proximately caused by Apple's
6    negligent conduct, as alleged above.

## COUNT VII

### *(Unjust Enrichment)*

9    110.   Plaintiff hereby refers to and incorporates by reference each and
10   every allegation contained in the preceding paragraphs of this Complaint.

11   111.   Plaintiff and Class members conferred a benefit upon Defendant
12   Apple by purchasing Beats headphones—including the Studio Pro and other
13   affected models—and paying a premium price based on Apple's express
14   representations regarding product quality and functionality.

15   112.   Apple knowingly accepted and retained this benefit under
16   circumstances that make it unjust and inequitable for Apple to retain those funds
17   without restitution. Specifically, Apple retained money paid by Plaintiff and Class
18   members despite selling headphones that were defective and failed to perform as
19   advertised, particularly in their marketed voice call capabilities.

20   113.   Plaintiff and Class members reasonably relied on Apple's
21   representations that the Beats headphones were "optimized for voice calls,"
22   included "voice-targeting microphones," and were suitable for use on platforms
23   such as Zoom and Microsoft Teams. Plaintiff and Class members made their
24   purchases in reliance on these material representations.

25   114.   As a result of the undisclosed defects, Plaintiff and Class members
26   received less than the value they paid for. The headphones did not perform as
27   promised or warranted, and thus Plaintiff did not receive the benefit of their
28   bargain.

1   115.   Had Plaintiff and Class members known of the defect, they would not

2   have purchased the Beats headphones or would have paid significantly less for

3   them.

4   116.   Under California law, a claim for unjust enrichment may be stated as

5   a cause of action in restitution. *Hirsch v. Bank of America* (2003) 107 Cal.App.4th

6   708, 717 ("The elements of an unjust enrichment claim are the receipt of a benefit

7   and the unjust retention of the benefit at the expense of another.")

8   117.   As a result of its wrongful conduct, Apple has been unjustly enriched

9   and should be required to disgorge all profits, revenues, and benefits it obtained

10  from the sale of defective Beats headphones.

11  ## PRAYER FOR RELIEF

12  WHEREFORE, Plaintiff, individually and on behalf of all others similarly

13  situated, prays for judgment against Defendant as follows:

14  (a)   Certifying this action as a class action, appointing Plaintiff as the

15  Class representative, and designating the undersigned as Class

16  counsel;

17  (b)   A declaration that Defendant is financially responsible for notifying

18  Class members of the pendency of this suit;

19  (c)   A judgment awarding Plaintiff and all Class members restitution

20  and/or other equitable relief, including, without limitation,

21  restitutionary disgorgement of all profits and unjust enrichment that

22  Defendant obtained from Plaintiff and the Class as a result of the

23  unlawful, unfair and/or fraudulent business practices described

24  herein;

25  (d)   A judgment awarding Plaintiff and the Class damages under common

26  law and/or by statute, and punitive damages;

27  / / /

28  / / /

1     (e)   An order enjoining Defendant from continuing to violate the UCL and/or FAL as described herein, and/or an order enjoying Defendant from violating the UCL and/or FAL in the future;

     (f)   Additional awards of up to $5,000.00 for physical, emotional, or economic damage for all senior citizen and disabled Class Members, pursuant to *Civil Code* § 1780(b)(1);

     (g)   A judgment awarding Plaintiff and Class members their costs of suit, including reasonable attorneys' fees pursuant to CCP § 1021.5 and as otherwise permitted by statute or law, and pre- and post-judgment interest; and

     (h)   Granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: November 12, 2025

*/s/ Helen I. Zeldes*

**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
Helen I. Zeldes (SBN 220051)
*hzeldes@sshhzlaw.com*
Amy C. Johnsgard (SBN 279795)
*ajohnsgard@sshhzlaw.com*
501 W. Broadway, Ste. 800
San Diego, CA 92101-3546
Tel: (619) 400-4990

**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
Joshua A. Fields (SBN 242938)
*jfields@sshhzlaw.com*
9415 Culver Blvd., #115
Culver City, CA 90232-2616
Tel: (619) 400-4990

*Attorneys for Plaintiff Kimberly Feeney and the Proposed Class.*

1

## DEMAND FOR JURY TRIAL

2      Plaintiff and the Class Members hereby demand a trial by jury on all causes

3  of action so triable.

4                                        Respectfully submitted,

5  Dated: November 12, 2025

6                                        */s/ Helen I. Zeldes*

7                                        **SCHONBRUN SEPLOW HARRIS
                                         HOFFMAN & ZELDES, LLP**
8                                        Helen I. Zeldes (SBN 220051)
                                         *hzeldes@sshhzlaw.com*
9                                        Amy C. Johnsgard (SBN 279795)
                                         *ajohnsgard@sshhzlaw.com*
10                                       501 W. Broadway, Ste. 800
                                         San Diego, CA 92101-3546
                                         Tel: (619) 400-4990
11
                                         **SCHONBRUN SEPLOW HARRIS
12                                       HOFFMAN & ZELDES, LLP**
                                         Joshua A. Fields (SBN 242938)
13                                       *jfields@sshhzlaw.com*
                                         9415 Culver Blvd., #115
14                                       Culver City, CA 90232-2616
                                         Tel: (619) 400-4990
15                                       *Attorneys for Plaintiff Kimberly Feeney
                                         and the Proposed Class.*
16

17

18

19

20

21

22

23

24

25

26

27

28