1  CHRISTOPHER CHORBA, SBN 216692
     cchorba@gibsondunn.com
2  KELLY GREGG, SBN 353182
     kgregg@gibsondunn.com
3  GRAHAM M. STINNETT, SBN 353846
     gstinnett@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
5  Los Angeles, CA 90071
   Tel.: 213.229.7000
6  Fac.: 213.229.7520

7  WESLEY SZE, SBN 306715
     wsze@gibsondunn.com
8  GIBSON, DUNN & CRUTCHER LLP
   310 University Ave.
9  Palo Alto, CA 94301
   Tel.: 650.849.5347
10  Fac.: 650.849.5047

11  *Attorneys for Defendant Apple Inc.*

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                    WESTERN DIVISION

16

| | |
|---|---|
| 17 KIMBERLY FEENEY, an individual, on behalf of themselves and all others similarly situated,<br><br>19          Plaintiff,<br><br>20      v.<br><br>21 APPLE INC., a California corporation, and DOES 1–10,<br><br>22          Defendants. | Case No. 2:25-cv-09716-GW-AJRx<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Declaration of Wesley Sze and [Proposed] Order filed concurrently]*<br><br>Judge:          Hon. George H. Wu<br>Courtroom:    9D, Ninth Floor<br>Hearing Date:  April 9, 2026<br>Hearing Time:  8:30 a.m. |

23

24

25

26

27

28

1

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

2      **PLEASE TAKE NOTICE THAT** on April 9, 2026, at 8:30 a.m., or as soon

3   thereafter as the matter may be heard before the Honorable George H. Wu, in

4   Courtroom 9D, Ninth Floor, of the United States District Court for the Central District

5   of California in the First Street United States Courthouse, 350 West 1st Street, Los

6   Angeles, CA 90012, Defendant Apple Inc. will, and hereby does, move this Court,

7   pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6), for an order

8   dismissing Plaintiff's First Amended Complaint ("FAC") on several grounds:

9      (1)   Plaintiff's express and implied warranty claims (Counts I and II) should be

10  dismissed because she does not allege any actionable warranty.

11     (2)   As to the misrepresentation- and fraud-based claims (Counts III and V), the

12  FAC does not allege any actionable misrepresentation.  Plaintiff does not allege that she

13  actually saw or relied upon most of the statements cited in the FAC, and the statements

14  are nonactionable puffery in any event.

15     (3)   The FAC fails to state a claim under the Consumer Legal Remedies Act

16  ("CLRA") and Unfair Competition Law ("UCL") (Counts III and IV) because Plaintiff

17  has not alleged cognizable injury and pleads no "unfair," "unlawful," or "fraudulent"

18  conduct.

19     (4)   The negligence claim (Count VI) is barred by the economic-loss doctrine.

20     (5)   Plaintiff is not entitled to equitable relief (like "unjust enrichment," Count

21  VII) because she has an adequate remedy at law and there is an express contract that

22  governs the purchase of her product.

23     Defendant's Motion is based on this Notice of Motion and Motion, the

24  accompanying Memorandum of Points and Authorities, the accompanying Declaration

25  / / /

26  / / /

27  / / /

28  / / /

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:25-CV-09716-GW-AJRx

1  of Wesley Sze, all other documents on file in this action, and any oral argument of

2  counsel.

3  Dated:  December 16, 2025                    GIBSON, DUNN & CRUTCHER LLP

4                                              By: */s/ Christopher Chorba*
                                               Christopher Chorba
5
6                                              *Attorneys for Defendant Apple Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii
DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:25-CV-09716-GW-AJRx

1

# **TABLE OF CONTENTS**

2

<u>Page</u>

3 I.      INTRODUCTION ...................................................................................... 1

4 II.     SUMMARY OF FACTUAL ALLEGATIONS .......................................... 2

5 III.    LEGAL STANDARDS ............................................................................. 4

6 IV.     ARGUMENT............................................................................................. 4

7       A.    The Warranty Claims Fail as a Matter of Law (Counts I and II)............... 4

8       B.    The FAC Does Not Plead Any Actionable Misrepresentation or Omission (Counts III and V)...................................................................... 10

9

10       C.    Plaintiff's Consumer-Protection Claims Under the CLRA and UCL (Counts III and IV) Must Be Dismissed ................................. 15

11       D.    Plaintiff's Negligence Claim Is Barred by the Economic-Loss Rule (Count VI) ........................................................................................ 18

12

13       E.    The Court Should Dismiss All Claims for Equitable Relief (Counts III, IV and VII) ......................................................................... 19

14 CONCLUSION....................................................................................................... 21

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn & Crutcher LLP

1

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Aas v. Super. Ct.,*
24 Cal. 4th 627 (2000) ................................................................................ 19

*Ahern v. Apple Inc.,*
411 F. Supp. 3d 541 (N.D. Cal. 2019) ..................................................... 7, 18

*Am. Suzuki Motor Corp.*, 37 Cal. App. 4th 1291 (1995) ................................. 8

*In re Ambry Genetics Data Breach Litig.,*
567 F. Supp. 3d 1130 (C.D. Cal. 2021) ....................................................... 14

*Anunziato v. eMachines, Inc.,*
402 F. Supp. 2d 1133 (C.D. Cal. 2005) ......................................................... 7

*In re Apple Inc. Device Perf. Litig.,*
347 F. Supp. 3d 434 (N.D. Cal. 2018) .................................................... 13, 15

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...................................................................................... 4

*Barakezyan v. BMW of N. Am., LLC,*
No. 16-173-SJO, 2016 WL 2840803 (C.D. Cal. Apr. 7, 2016) ..................... 5, 16

*Bardin v. DaimlerChrysler Corp.,*
136 Cal. App. 4th 1255 (2006) ..................................................................... 17

*Barfuss v. Live Nation Ent., Inc.,*
No. 23-1114-GW, 2025 WL 1843207 (C.D. Cal. May 14, 2025) ................... 20

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ...................................................................................... 4

*Birdsong v. Apple Inc.,*
590 F.3d 955 (9th Cir. 2009) ............................................................. 1, 8, 16

*Browning v. Am. Honda Motor Co.,*
549 F. Supp. 3d 996 (N.D. Cal. 2021) .......................................................... 15

*Consumer Advocs. v. Echostar Satellite Corp.,*
113 Cal. App. 4th 1351 (2003) ....................................................................... 7

*In re Countrywide Fin. Corp. Sec. Litig.,*
588 F. Supp. 2d 1132 (C.D. Cal. 2008) .......................................................... 7

*Cullen v. Netflix, Inc.,*
880 F. Supp. 2d 1017 (S.D. Cal. 2012) ......................................................... 17

*Daugherty v. Am. Honda Motor Co.,*
144 Cal. App. 4th 824 (2006) ....................................................................... 10

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Donohue v. Apple Inc.*,
   871 F. Supp. 2d 913 (N.D. Cal. 2012)........................................................17

*Garcia v. Sony Comput. Ent. Am., LLC*,
   859 F. Supp. 2d 1056 (N.D. Cal. 2012)......................................................18

*Genna v. Digital Link Corp.*,
   25 F. Supp. 2d 1032 (N.D. Cal. 1997)........................................................10

*Gerritsen v. Warner Bros. Entm't Inc.*,
   116 F. Supp. 3d 1104 (C.D. Cal. 2015)........................................................9

*Glen Holly Ent., Inc. v. Tektronix, Inc.*,
   352 F.3d 367 (9th Cir. 2003)........................................................................11

*In re Google, Inc. Privacy Policy Litig.*,
   No. 12-1382, 2013 WL 6248499 (N.D. Cal. Dec. 3, 2013)........................16

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017)......................................................17

*Hadley v. Kellogg Sales Co.*,
   273 F. Supp. 3d 1052 (N.D. Cal. 2017)......................................................18

*Haskins v. Symantec Corp.*,
   654 F. App'x 338 (9th Cir. 2016)................................................................10

*Hawkins v. Shimano N.A. Bicycle Inc.*,
   729 F. Supp. 3d 989 (C.D. Cal. 2024)..........................................................7

*Hodsdon v. Mars, Inc.*,
   891 F.3d 857 (9th Cir. 2018)........................................................................17

*IV Sols., Inc. v. Conn. Gen. Life Ins. Co.*,
   No. 13-9026-GW, 2015 WL 12843822 (C.D. Cal. Jan. 29, 2015)..............17

*Jimenez v. Super. Ct.*,
   29 Cal. 4th 473 (2002)................................................................................19

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)......................................................................10

*Keith v. Buchanan*,
   173 Cal. App. 3d 13 (1985)............................................................................7

*Kwikset Corp. v. Super. Ct.*,
   51 Cal. 4th 310 (2011)................................................................................15

*Leonhart v. Nature's Path Foods, Inc.*,
   No. 13-0492, 2014 WL 1338161 (N.D. Cal. Mar. 31, 2014)......................19

*Lyman v. Gen. Motors LLC*,
   No. 24-5786-GW, 2025 WL 2080654 (C.D. Cal. Mar. 19, 2025),
   *adopted*, 2025 WL 2054085 (C.D. Cal. Mar. 21, 2025)..........................20

*In re MacBook Keyboard Litig.*,
    No. 18-02813, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) .............................. 20

*Macomb Cnty. Emps.' Ret. Sys. v. Align Tech., Inc.*,
    39 F.4th 1092 (9th Cir. 2022) ............................................................................. 12

*Mariscal v. Graco, Inc.*,
    52 F. Supp. 3d 973 (N.D. Cal. 2014) ..................................................................... 5

*Morehouse v. Apple Inc.*,
    No. 25-2988-NW, 2025 WL 3525573 (N.D. Cal. Dec. 4, 2025) .......................... 16

*Morgan v. Apple Inc.*,
    No. 17-5277, 2018 WL 2234537 (N.D. Cal. May 16, 2018) ............................... 5, 6

*Mullins v. Premier Nutrition Corp.*,
    No. 13-1271, 2018 WL 510139 (N.D. Cal. Jan. 23, 2018),
    *aff'd*, 971 F.3d 834 (9th Cir. 2020) .................................................................... 20

*In re Nexus 6P Prods. Liab. Litig.*,
    293 F. Supp. 3d 888 (N.D. Cal. 2018) ................................................................. 8, 9

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008) ............................................................... 7, 15

*Outboard Marine Corp. v. Super. Ct.*,
    52 Cal. App. 3d 30 (1975) .................................................................................... 10

*Palmer v. Apple Inc.*,
    No. 15-5808, 2016 WL 1535087 (N.D. Cal. Apr. 15, 2016) ................................. 17

*Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*,
    96 F.3d 1151 (9th Cir. 1996) ................................................................................ 19

*Phillips v. Apple Inc.*,
    No. 15-4879, 2016 WL 5846992 (N.D. Cal. Oct. 6, 2016),
    *aff'd*, 725 F. App'x 496 (9th Cir. 2018) .............................................................. 11

*Pro Water Solution, Inc. v. Angie's List, Inc.*,
    457 F. Supp. 3d 845 (C.D. Cal. 2020) .................................................................. 10

*Rice v. Sunbeam Prods., Inc.*,
    No. 12-7923-CAS, 2013 WL 146270 (C.D. Cal. Jan. 7, 2013) .............................. 5

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
    34 Cal. 4th 979 (2004) ......................................................................................... 18

*Seely v. White Motor Co.*,
    63 Cal. 2d 9 (1965) .............................................................................................. 19

*Sheen v. Wells Fargo Bank, N.A.*,
    12 Cal. 5th 905 (2022) ......................................................................................... 19

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ............................................................................... 20

Gibson, Dunn &
Crutcher LLP

*Sonneveldt v. Mazda Motor of Am., Inc.*,
    No. 19-1298-JLS, 2021 WL 62502 (C.D. Cal. Jan. 4, 2021) ................................... 14

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    903 F. Supp. 2d 942 (S.D. Cal. 2012) ................................................................... 18

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV
    Litig.*,
    758 F. Supp. 2d 1077 (S.D. Cal. 2010) ..................................................................... 7

*Sotelo v. Rawlings Sporting Goods Co.*,
    No. 18-9166-GW, 2019 WL 4392528 (C.D. Cal. May 8, 2019) ............................ 11

*Stickrath v. Globalstar, Inc.*,
    527 F. Supp. 2d 992 (N.D. Cal. 2007) .................................................................... 15

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) .................................................................................... 4

*T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*,
    83 F. Supp. 3d 855 (N.D. Cal. 2015) ........................................................................ 8

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*,
    992 F. Supp. 2d 962 (C.D. Cal. 2014) ....................................................................... 5

*Tan v. Grubhub, Inc.*,
    171 F. Supp. 3d 998 (N.D. Cal. 2016) .................................................................... 16

*Troup v. Toyota Motor Corp.*,
    545 F. App'x 668 (9th Cir. 2013) .............................................................................. 5

*United Food & Comm. Workers Local 1776 & Participating Emps.
    Health & Welfare Fund v. Teikoku Pharma USA, Inc.*,
    74 F. Supp. 3d 1052 (N.D. Cal. 2014) .................................................................... 19

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .................................................................................... 9

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .................................................................................. 4

*Viggiano v. Hansen Nat'l Corp.*,
    944 F. Supp. 2d 877 (C.D. Cal. 2013) ...................................................................... 7

*Vitt v. Apple Comput., Inc.*,
    469 F. App'x 605 (9th Cir. 2012) .............................................................................. 7

*Wal-Noon Corp. v. Hill*,
    45 Cal. App. 3d 605 (1975) ..................................................................................... 19

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015 (9th Cir. 2017) .................................................................................. 4

*Wilson v. Frito-Lay N. Am.*,
    961 F. Supp. 2d 1134 (N.D. Cal. 2013) ................................................................... 11

**Statutes**

28 U.S.C. §1332(d) ............................................................................................ 3

Cal. Bus. & Prof. Code, §17200 ...................................................................... 3

Cal. Bus. & Prof. Code §17204 ..................................................................... 15

Cal. Bus. & Prof. Code §17535 ..................................................................... 15

Cal. Civ. Code §1750 *et seq.* ........................................................................... 3

Cal. Civ. Code §1780 ...................................................................................... 15

Cal. Civ. Code §1791 ........................................................................................ 3

Cal. Com. Code §2313 ................................................................................... 6, 7

**Other Authorities**

"Optimize," Oxford English Dictionary,
    https://www.oed.com/dictionary/optimize ............................................. 12

viii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This lawsuit attempts to turn a single customer's alleged experience into a nationwide class action.  Plaintiff Kimberly Feeney does not dispute that her Beats Studio Pro x Kim Kardashian over-ear headphones provided a high-quality listening experience.  Rather, she contends that the voice capture quality on her headphones did not work as well as she had hoped when making videoconference and voice calls.  But this is not a "defect" under any legal theory, and Plaintiff's claims are based on her own personal, subjective expectations—and not based on any actionable promise or representation by Apple.  In fact, in a substantially similar case involving warranty and consumer-protection claims relating to the design of an audio product, the Ninth Circuit affirmed the dismissal, held that the product served its "ordinary purpose of listening to music," and explained that absent an actionable representation, customers were not "deprived of an[y] agreed-upon benefit" that would support a cognizable injury. *Birdsong v. Apple Inc.*, 590 F.3d 955, 961 (9th Cir. 2009).  These principles apply equally here, and Plaintiff's claims should be dismissed for several reasons:

*First*, Plaintiff's express- and implied-warranty claims (Counts I and II) should be dismissed because she does not allege any actionable warranty.  The FAC does not allege any defect in "materials" or "workmanship" that would implicate Apple's Limited Warranty, and marketing statements like "optimized" or "crystal-clear" call performance are precisely the sort of generalized statements that do not create express warranties.  Similarly, the Court should dismiss the implied-warranty claim because there is no question that the headphones are fit for their ordinary purpose, and one customer's disappointment with voice-capture clarity does not mean the headphones lack the most basic degree of fitness for ordinary use.

*Second*, Plaintiff has not stated a claim for misrepresentation or fraud (Counts III and V) because she has not alleged any actionable misrepresentation.  Plaintiff does not allege that she actually saw or relied upon most of the statements cited in the FAC, and

even if she did, the statements are ultimately nothing more than subjective, nonquantifiable descriptions about the product that courts uniformly recognize as nonactionable puffery.

*Third*, the statutory consumer-protection claims under the CLRA and UCL (Counts III and IV) should be dismissed for several additional reasons. Simply because Plaintiff may personally enjoy her headphones less than she thought she would does not mean that she has cognizable injury, and she pleads no "unfair," "unlawful," or "fraudulent" conduct upon which a claim may be based.

*Fourth*, the economic-loss doctrine prohibits recovery in tort for purely economic losses unaccompanied by physical harm, thus barring a negligence claim (Count VI) here.

*Fifth*, requests for equitable relief, like those under the CLRA and UCL and for "unjust enrichment" (Counts III, IV, and VII) are unavailable because Plaintiff has an adequate remedy at law and there is an express contract that governs the purchase of her product.

## II.    SUMMARY OF FACTUAL ALLEGATIONS

Beats headphones are "one of the most recognizable and commercially successful headphone brands in the global market," founded by "music producer Dr. Dre and record executive Jimmy Iovine" and offering "headphones, speakers, and audio software" for music lovers. ¶¶ 7, 12.[1] This case concerns one Beats product, the Studio Pro x Kim Kardashian headphones, which are "over-ear" headphones. As the "Studio Pro" name suggests, the headphones offer features for a premium music-listening experience that a music producer might have in a music studio, such as "active noise cancellation, transparency mode, USB-C audio, and spatial audio." ¶ 21.

On November 27, 2024, Plaintiff bought a set of Beats Studio Pro x Kim Kardashian headphones "from an authorized third-party online retailer." ¶¶ 4, 40.

---

[1] Citations to "¶ _" refer to the corresponding paragraphs in the FAC (Dkt. 16).

Plaintiff does not allege that she viewed Apple's website prior to purchasing the headphones. *See* ¶ 40. Instead, she bought the headphones after she "went onto the Amazon website" and saw that the headphones were described as being "optimized for voice calls" with "enhanced microphones." ¶ 41.

Plaintiff does not allege or complain that her headphones failed to provide a high-quality audio experience when listening to music or taking calls. Nor does she allege that the microphone in her headphones failed to work entirely. Instead, she alleges only that the quality of the voice capture was insufficient, and that when she used her headphones during Microsoft Teams and Zoom calls, others could not hear her well enough. ¶ 4. Plaintiff contacted Apple for support and obtained "two replacement sets of headphones," but she claims that the "microphone issues persisted." ¶ 42. According to Plaintiff, an online Apple customer service representative explained that "[i]n general, headphones of this style are not designed to talk through calls or meetings," and because they are "mainly" designed for "play[ing] multimedia content or listen[ing] to music," the voice-capture quality would not be as good as "headset[s] that incorporate a plastic bar" with a "direct microphone" mouthpiece. ¶ 44.

Plaintiff filed this lawsuit against Apple in the Superior Court of the State of California for the County of Los Angeles, Case No. 25-ST-CV-24599. *See* Dkt. 1-2. On October 10, Apple removed the action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Dkt. 1. On November 12, Plaintiff filed the FAC with Apple's consent. Dkt. 16.

The FAC asserts seven claims for relief: "breach of express warranty" (Count I); "breach of the implied warranty of merchantability," Cal. Civ. Code § 1791 *et seq.* (Count II); "violation of California's Consumer Legal Remedies Act," Cal. Civ. Code § 1750 *et seq.* (Count III); "violation of California's Unfair Competition Law," Cal. Bus. & Prof. Code, § 17200 *et seq.* (Count IV); "fraudulent misrepresentation & concealment" (Count V); "negligence" (Count VI); and "unjust enrichment" (Count VII). Plaintiff purports to bring these claims on behalf of herself and proposed

"Nationwide" and "California" classes, encompassing customers "who purchased Apple Beats Studio Pro series, including the Beats Fit Pro, Beats Solo Pro, and Beats Studio 3, from the period of July 9, 2021 to the present." ¶ 52.

## III.    LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A sufficiently pleaded cause of action 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' Rather, '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025 (9th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's fraud-based claims must also meet the heightened standard of Rule 9(b), which requires her to plead "with particularity the circumstances constituting fraud," including "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citation omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* The allegations of fraud "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

## IV.    ARGUMENT

### A.    The Warranty Claims Fail as a Matter of Law (Counts I and II)

Plaintiff's core claim—that Apple supposedly breached a warranty about her headphones—is legally deficient. Plaintiff does not identify any express term in Apple's "one-year warranty" that Apple allegedly breached, and Apple's generalized marketing statements about the quality of the headphones are not express warranties as a matter of

law. Additionally, Plaintiff's implied-warranty allegations are insufficient because Plaintiff's headphones are fit for their ordinary purpose.

### 1. *Apple's Limited Warranty Does Not Apply Because Plaintiff Does Not Allege Any Defect in "Materials" or "Workmanship."*

Plaintiff first invokes Apple's "one-year warranty" (the "Limited Warranty"), claiming that "Apple violated this express warranty by repeatedly failing to repair or replace Plaintiff's defective Studio Pro headphones." ¶¶ 58–59. But her reliance on the Limited Warranty is unavailing because she does not allege that Apple violated any provision in that warranty.

California law distinguishes between "manufacturing defects" and "design defects." *Morgan v. Apple Inc.*, No. 17-5277, 2018 WL 2234537, at *6 (N.D. Cal. May 16, 2018). A manufacturing defect "exists if the product differs from the manufacturer's intended result or if the product differs from apparently identical products from the same manufacturer." *Id.* By contrast, "[a] design defect exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective." *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 985 (N.D. Cal. 2014). "In California, express warranties covering defects in materials and workmanship exclude defects in design." *Troup v. Toyota Motor Corp.*, 545 F. App'x 668, 668 (9th Cir. 2013); *Barakezyan v. BMW of N. Am., LLC*, No. 16-173-SJO, 2016 WL 2840803, at *7 (C.D. Cal. Apr. 7, 2016) (same).

Apple's Limited Warranty covers only manufacturing—and not design—defects. It states: "Your Apple-branded or Beats-branded hardware product … is warranted against ***defects in materials and workmanship***." ¶ 58 (emphasis added). As courts have recognized, this phrase—"defects in material and workmanship"—"refers only to manufacturing defects." *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 978 (C.D. Cal. 2014) (quoting *Rice v. Sunbeam Prods., Inc.*, No. 12-7923-CAS, 2013 WL 146270, *11 (C.D. Cal. Jan. 7, 2013)). But at least as pleaded in the FAC, Plaintiff does not allege that her Beats headphones had any "defect" in

"materials" or "workmanship."  She does not, for example, allege that her headphones were manufactured improperly or that there was a faulty component in her headphones.

Rather, Plaintiff's allegation is that the *design* of the headphones rendered the quality of its voice-capture feature worse than, say, a headset with a dedicated mouthpiece microphone.  *See* ¶¶ 44–45 (quoting an "Apple Advisor" who explained to Plaintiff that, "*[i]n general, headphones of this style* are not *designed* to talk through calls or meetings … [unlike] a headset that incorporate[s] a plastic bar that is direct to the microphone") (emphases added); ¶¶ 5–6 (claiming Apple marketed "high-quality call performance" even though "the headphones do not have a direct microphone and are not *designed* to use for calls or meetings") (emphasis added).

The allegations that the two sets of replacement Beats Studio Pro x Kim Kardashian headphones that Apple provided free of charge in response to her concerns also did not perform up to her expectations (¶ 43) confirm that this is not a manufacturing defect issue.  She does not claim that the headphones she received "differ[] from apparently identical products from the same manufacturer."  *Morgan*, 2018 WL 2234537, at *6.  Rather, her complaint is that the headphones, as designed, did not meet her expectations regarding the performance of the voice-capture features, which falls squarely "within the definition of a design defect."  *See id.* (dismissing claims based on Limited Warranty because allegations that "Powerbeats failed to perform as expected … and that replacements of their Powerbeats did them no good because they all reflected the same defect" "support[ed] a defect in design only, not a manufacturing defect").  Because Plaintiff's claims rest entirely on allegations of a "defect" in design and not in materials or workmanship, they fall outside the scope of Apple's Limited Warranty and cannot be the basis for Plaintiff's express-warranty claim.

### 2. *General Assertions About the Quality of the Headphones Are Not Express Warranties.*

Nor may Plaintiff rely on general marketing statements that Apple allegedly made about the headphones to support her express-warranty claim.  Under section 2313 of the

California Commercial Code, a seller creates an express warranty only when it provides an "affirmation of fact or promise," "a description of the goods," or a "sample or model" that forms "part of the basis of the bargain." Cal. Com. Code § 2313(1). By contrast, a "seller's affirmation of the value of the goods or an expression of opinion or commendation of the goods does not create an express warranty." *Keith v. Buchanan*, 173 Cal. App. 3d 13, 19 (1985).

The statements that Plaintiff challenges as express warranties—that the headphones are "optimized for call performance" (¶ 60) and would provide "crystal-clear" call quality (¶ 62)—fall far short of the concrete and specific factual statements or descriptions necessary to create an express warranty. They lack any objective criteria by which their accuracy could be measured, and no reasonable consumer would construe such promotional language as a factual guarantee of performance. Rather, these representations are precisely the type of "generalized and vague statements" that court after court has concluded amounts to little more than nonactionable "puffery." *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Litig.*, 758 F. Supp. 2d 1077, 1089 (S.D. Cal. 2010); *see also, e.g.*, *Hawkins v. Shimano N.A. Bicycle Inc.*, 729 F. Supp. 3d 989, 1014 (C.D. Cal. 2024) (statements that a product is "optimized" and "deliver[s] the ultimate performance" are "general assertions and thus constitute mere puffery"); *Consumer Advocs. v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1361 (2003) ("[c]rystal clear" sound quality is puffery); *Vitt v. Apple Comput., Inc.*, 469 F. App'x 605, 607 (9th Cir. 2012) ("high performance," "reliable," "durable," and "high value" are puffery); *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1144 (C.D. Cal. 2008) ("high quality" is puffery); *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 556–57 (N.D. Cal. 2019) ("clear and remarkably vivid" and "highest quality" computer screens are puffery); *Viggiano v. Hansen Nat'l Corp.*, 944 F. Supp. 2d 877, 894 (C.D. Cal. 2013) ("premium" is puffery); *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139–41 (C.D. Cal. 2005) ("quality," "performance," and "high-quality" are puffery); *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973–

Gibson, Dunn & Crutcher LLP

74 (N.D. Cal. 2008) ("[s]uperb, uncompromising quality," "higher performance," and "richer multimedia experience" are puffery).

### 3. The Implied Warranty of Merchantability Claim Should Be Dismissed Because the Headphones Are Fit for Their Ordinary Use.

Plaintiff's claim for an alleged breach of the implied warranty of merchantability can also be easily dismissed because she does not plead any facts demonstrating that the headphones are not "merchantable" or fit for their ordinary purpose.

The standard to show that a product is not "merchantable" is extremely high. It requires a plaintiff to demonstrate that the product lacks "even the most basic degree of fitness for ordinary use." *Birdsong*, 590 F.3d at 958. In other words, "an alleged defect must constitute more than an inconvenience; the defect must be so fundamental as to render the product unfit for its ordinary purpose." *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 948 (N.D. Cal. 2018) (internal quotation marks omitted).

Courts have therefore consistently held that a customer's disappointment in quality or missed expectations do not breach the implied warranty of merchantability. *See, e.g.*, *T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 878 (N.D. Cal. 2015) ("The implied warranty of merchantability does not 'impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality.'" (quoting *Am. Suzuki Motor Corp.*, 37 Cal. App. 4th 1291, 1296 (1995))).

Yet this is precisely what Plaintiff alleges here: that her headphones were not as "clear" as she would have preferred during voice calls and meetings. *See* ¶ 4. At most, this might mean the headphones did not fulfill her subjective expectations, but this disappointment does not mean the headphones lacked "the most basic degree of fitness for ordinary use." *Birdsong*, 590 F.3d at 958. This is especially true because, unlike a standalone microphone product, the "ordinary use" for over-ear headphones like the Beats Studio Pro is to listen to audio—and Plaintiff never alleges any problems with the quality of her listening experience.

Gibson, Dunn & Crutcher LLP

The materials that Plaintiff relies upon in her FAC further undermine her claim that the headphones were unmerchantable—even notwithstanding the alleged voice-clarity issues.  For example, she cites an online review by a professional reviewer who tested the Studio Pro headphones.  *See* ¶ 34.  Although the reviewer reported that the "mic makes your voice sound bright but also hollow and lacking in body" with "inconsistent" quality, overall, the review still concluded that the headphones are "Recommended."  *See*  https://www.rtings.com/headphones/reviews/beats/studio-pro-wireless (cited at ¶ 34).[2]  The Amazon product page that Plaintiff cites also reflects a 4.5-star rating based on 22,388 reviews:



¶ 29.  Plaintiff's own sources therefore dispel any notion that the headphones were somehow unmerchantable, and Count II should be dismissed.

---

[2]  The other professional reviews cited at ¶ 34—while relating to different products ("Beats Solo Pro" and "Beats Studio 3") that Plaintiff did *not* purchase or use—reached similar conclusions.   *See*  https://www.soundguys.com/beats-solo-pro-review-26938/ (overall rating of 3.5 stars); https://www.soundguys.com/beats-studio3-wireless-review-16041/ (overall rating of 6.9 out of 10).  None of these ratings comes close to suggesting the headphones were fundamentally "unfit for [their] ordinary purpose."  *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d at 948.

Because these webpages are referenced in the FAC, they are incorporated by reference and the Court may consider the entirety of their contents—and not "solely … the excerpts plaintiff pleads"—in ruling on this motion to dismiss.  *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1119 (C.D. Cal. 2015); *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**B.    The FAC Does Not Plead Any Actionable Misrepresentation or Omission (Counts III and V)**

Plaintiff's attempt to repackage her warranty claims under a common-law "fraudulent misrepresentation" or "concealment" theory is similarly unavailing.  Under California law, these claims require a plaintiff to plead, *inter alia*, that she relied upon a false representation.  *See Pro Water Solution, Inc. v. Angie's List, Inc.*, 457 F. Supp. 3d 845 (C.D. Cal. 2020) (fraudulent misrepresentation); *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 834 (2006) (affirming trial court's dismissal of plaintiff's CLRA claim because "the complaint d[id] not allege any representation of fact that 'works a concealment of the true fact'" (quoting *Outboard Marine Corp. v. Super. Ct.*, 52 Cal. App. 3d 30, 36 (1975))).  Additionally, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," Fed. R. Civ. P. 9(b), which requires allegations about "'the time, place, and content of the alleged fraudulent misrepresentation or omission; the identity of the person engaged in the fraud; and the circumstances indicating falseness' or 'the manner in which [the] representations [or omissions] were false and misleading,'" *Genna v. Digital Link Corp.*, 25 F. Supp. 2d 1032, 1038 (N.D. Cal. 1997).  Plaintiff selectively quotes from an assortment of alleged advertising statements, but none constitutes an actionable misrepresentation, and none is pleaded with the particularity Rule 9(b) requires.

*First*, most of the alleged misrepresentations can be disregarded because Plaintiff does not plead she actually saw and relied upon these statements when she purchased her headphones—a necessary element of her claim.  The only statements that she specifically alleges she actually saw were that the headphones were "optimized for voice calls" with "enhanced microphones." ¶ 41.  That's it.  All the other statements she cites in her FAC—to the extent they are actionable at all—are therefore irrelevant because she does not claim she ever saw or relied on them.  "[P]leadings do not satisfy the requirement of Rule 9(b)" when they do not specify what representations the plaintiff "was exposed to" or "relied upon."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); *see also Haskins v. Symantec Corp.*, 654 F. App'x 338, 339 (9th Cir.

2016) (if a plaintiff does "not allege that she read and relied on a specific misrepresentation by [the defendant], she fail[s] to plead her fraud claims with particularity as required by Rule 9(b)").

*Second*, any misrepresentation-based claim would necessarily fail in any event because Plaintiff does not—and cannot—identify any objective statement of verifiable fact. The statements Plaintiff cites—such as how the Beats Studio Pro[3] headphones offer "crystal-clear call performance," "voice-targeting microphones for enhanced call quality," "crisp, clear call performance," and capacity for "optimized voice calls" (¶¶ 4, 15, 25, 29)—are not objective statements that a reasonable consumer would rely upon when making a purchasing decision. These are instead all classic examples of unquantifiable, general assertions that are nonactionable at law. Just as they would fail as an express warranty (*see supra*, pp. 7–8), so too would they fail under a common-law misrepresentation theory. *See, e.g.*, *Phillips v. Apple Inc.*, No. 15-4879, 2016 WL 5846992, at *11 (N.D. Cal. Oct. 6, 2016) ("statements amounting to mere puffery" are not misrepresentations), *aff'd*, 725 F. App'x 496 (9th Cir. 2018); *Glen Holly Ent., Inc. v. Tektronix, Inc.*, 352 F.3d 367, 379 (9th Cir. 2003) ("generalized, vague, and unspecific

---

[3] The FAC does not identify with particularity *any* alleged representations regarding the other Beats products at issue—the Beats Fit Pro, Beats Solo Pro, and Beats Studio 3. At most, Plaintiff generally alleges that Apple "markets" these headphones "as premium products designed for both every day and professional use, with features aimed at enhancing communication." ¶ 15. But because the FAC does not allege how this statement is false or misleading, the Court should dismiss Plaintiff's claims as to Beats Fit Pro, Beats Solo Pro, and Beats Studio 3 under Rule 9(b).

Plaintiff also does not even allege that she purchased or used those products. *See* ¶ 4. Nor are these other products "alleged to be similar" to the product Plaintiff purchased. *Sotelo v. Rawlings Sporting Goods Co.*, No. 18-9166-GW, 2019 WL 4392528, at *3 & n.2 (C.D. Cal. May 8, 2019). Apple therefore objects to Plaintiff's attempt to plead claims based on products that she never bought or used and that she does not allege are similar to her headphones. *Wilson v. Frito-Lay N. Am.*, 961 F. Supp. 2d 1134, 1141 (N.D. Cal. 2013) (dismissing claims where plaintiffs "provided no other detail … stating that non-purchased products were same or similar to purchased products").

assertions constituting mere 'puffery'" "do not state an actionable fraud or negligent misrepresentation claim").

In fact, courts in this District have repeatedly concluded that the very same terms on which Plaintiff bases her misrepresentation claims—such as "optimized," "high-quality," "quality," "performance," and "crystal-clear"—are "non-actionable puffery." *See supra*, pp. 7–8.

*Third*, even if any of the statements might be interpreted as a factual statement, Plaintiff's allegations do not establish that they are untrue. As explained above, terms such as "optimized," "enhanced," or "crystal-clear" do not promise any quantifiable level of performance; they are generalized quality descriptors that courts routinely hold are too vague and subjective to be actionable. That is particularly true where, as here, the terms do not set forth any statement that is "capable of objective verification." *Macomb Cnty. Emps.' Ret. Sys. v. Align Tech., Inc.*, 39 F.4th 1092, 1098 (9th Cir. 2022).

Nor does the putative statement that the headphones are "optimized for voice calls" transform these general assertions into a factual guarantee. The ordinary meaning of "optimize" is "[t]o render optimal, to make as good as possible; to make as good as possible; to make the best or most effective use of." Oxford English Dictionary, https://www.oed.com/dictionary/optimize_v (last accessed Dec. 9, 2025). It does not guarantee that a product will attain any absolute level of performance. Over-ear studio-style headphones optimized for call performance are no more required to equal the voice-capture quality of a headset with a dedicated microphone bar than a pickup truck "optimized" for fuel efficiency must rival the mileage of a compact sedan, or a sedan "optimized" for winter driving must perform like an off-road 4x4 SUV. Apple represented only that the Beats Studio Pro headphones incorporate internal microphones calibrated to perform voice-capture functions within the limits of their form (over-ear studio-style headphones), and Plaintiff alleges no facts showing that Apple promised anything more—or that any such representation was untrue.

Plaintiff's attempt to ground her misrepresentation claims in an online chat conversation with an "Apple Advisor" is equally unavailing. *See* ¶ 44. Even accepting the allegation as true, the advisor simply informed Plaintiff of what should have been obvious—that, "in general, headphones of th[e] style [of Beats Studio Pro] … do not have microphones such as a headset that incorporate a plastic bar that is direct to the microphone." *Id.*  Of course, the voice-capture quality of over-ear studio-style headphones may not be quite as crisp as a headset with a dedicated microphone bar, but Apple never claimed it would be.  The advisor simply pointed out that fact to Plaintiff. To the extent Apple did make any objective statements about the Beats Studio Pro headphones (for example, about the "lack of a direct microphone"), everything Apple has described about the product is true.

*Fourth*, Plaintiff's fraudulent-concealment theory also falls short of the pleading requirements of Rule 9(b) and does not establish that Apple had a duty to disclose any material fact.  There are "three circumstances that a plaintiff must plead to raise [a] duty to disclose":

> First, a plaintiff must allege that the omission was material.  Second, a plaintiff must allege that the defect was central to the product's function. Third, a plaintiff must allege one of the following: (1) that the defendant is plaintiff's fiduciary; (2) that the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; (3) that the defendant actively conceals a material fact from the plaintiff; or (4) that the defendant makes partial representations that are misleading because some other material fact has not been disclosed.

*In re Apple Inc. Device Perf. Litig.*, 347 F. Supp. 3d 434, 459 (N.D. Cal. 2018) (internal quotation marks and citation omitted).  Plaintiff's factual allegations do not establish any of these circumstances with the particularity required under Rule 9(b).

As to the first and second factors, Plaintiff has not alleged there was any "material" omission or "defect" that was "central to the product's function."  As

explained (*supra*, p. 8), the ordinary purpose of Beats Studio Pro headphones is to listen to music, and there are no allegations about any issues with the listening experience. And even though Plaintiff alleges she thought the "voice capture" clarity was not as good as she wanted, she does not allege the headphones were rendered entirely useless.

Additionally, the FAC does not allege facts sufficient to satisfy any of the criteria under the third factor:

- *No Fiduciary Relationship.*  Apple is not in a fiduciary relationship with Plaintiff, who does not contend otherwise. *See, e.g.*, *In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1146 (C.D. Cal. 2021) ("arms-length business relationship … is insufficient to create a fiduciary duty").

- *No Exclusive Knowledge of Material Facts.*  While Plaintiff vaguely alleges that Apple "possesses specialized knowledge about the composition of its headphones and component parts" (¶ 31), she does not—and cannot—allege that Apple had "exclusive knowledge" of material facts not known to her.  In fact, she acknowledges just the opposite by citing numerous online sources that were available *before* she purchased her headphones. *See, e.g.*, ¶ 32.  Similarly, the fact that Plaintiff's headphones do not have a dedicated microphone bar—and therefore may not perform as well as a headset with such a dedicated microphone bar when it comes to voice pickup—is obvious from the product photos Plaintiff cites throughout the FAC.  Apple had no duty to disclose otherwise obvious facts about the design of the product.

- *No "Active Concealment."*  Plaintiff does not allege any nonconclusory factual allegations showing that Apple "actively concealed" any fact from Plaintiff.

- *No Partial Disclosure with Suppression of Material Facts.*  Plaintiff alleges that Apple suppressed material facts and made partial disclosures about the Beats Studio Pro headphones, including "crystal-clear call performance," "crisp, clear call performance," and "enhanced call quality."  ¶¶ 98–104.  But as courts have recognized, generalized, subjective statements about quality are not partial disclosures that create a duty to disclose because no "reasonable consumer could … rely on" them.  *Sonneveldt*

*v. Mazda Motor of Am., Inc.*, No. 19-1298-JLS, 2021 WL 62502, at *7 (C.D. Cal. Jan. 4, 2021); *see also Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1013 (N.D. Cal. 2021) (generalized marketing statements "are not actionable partial disclosures triggering a duty to disclose"); *Oestreicher*, 544 F. Supp. 2d at 973–74 (dismissing fraudulent-concealment claim based on alleged partial disclosures like "higher performance," "richer multimedia experience," and "each unit is packed full of fans and exhaust units to ensure optimum performance").[4]

### C. Plaintiff's Consumer-Protection Claims Under the CLRA and UCL (Counts III and IV) Must Be Dismissed

#### 1. *Plaintiff Does Not Allege Any Cognizable "Injury."*

Plaintiff's consumer-protection claims under the CLRA and UCL should also be dismissed because she has not alleged the requisite injury. "Both the UCL and CLRA protect only plaintiffs who have suffered harm 'as a result of' defendants' unlawful or unfair practices." *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 996 (N.D. Cal. 2007) (citing Cal. Bus. & Prof. Code § 17204; Cal. Civ. Code § 1780).[5]

Here, Plaintiff's only purported claim to "injury" is her allegation that she "would have paid significantly less" had she "known the headphones suffer from a critical microphone defect." ¶ 50; *see also* ¶ 2 (alleging she "paid a price that does not reflect the defective product's actual value"); ¶ 80 (alleging the headphones are "not worth the amount paid"). But this "overpayment" theory does not work. As the Ninth Circuit explained in *Birdsong*, an "alleged loss in value does not constitute a distinct and palpable injury" when the plaintiff's alleged loss "was not part of the bargain to begin

---

[4]  Nor does Plaintiff make any allegation that the supposed "defect" in her Beats headphones—their allegedly insufficient voice recording quality—creates any "unreasonable safety hazard" that would give rise to an affirmative duty to disclose. *See generally In re Apple Inc Device Perf. Litig.*, 347 F. Supp. 3d at 459.

[5]  The same injury requirement applies to claims arising under the False Advertising Law (FAL). *See* Cal. Bus. & Prof. Code § 17535; *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 321 (2011). The FAC cites the FAL (¶¶ 3, 54) but does not bring a claim based on that statute.

with." 590 F.3d at 961.  Thus, when the "alleged wrong seems to stem from an assertion of insufficient performance, a plaintiff must allege 'something more' than mere 'diminished value' to support a claim."  *Barakezyan*, 2016 WL 2840803, at *4 (a plaintiff valuing a product "less than [s]he expected to or less than [s]he could if it were different in some particular way" is insufficient to support an allegation that the product has lost any market value).

Plaintiff has not alleged "something more" here.  The FAC does not allege any specific, objective bargained-for benefit that Plaintiff did not receive; nor does it allege that the product Plaintiff "purchased [was] offered for higher prices than other comparable products."  *Morehouse v. Apple Inc.*, No. 25-2988-NW, 2025 WL 3525573, at *2 (N.D. Cal. Dec. 4, 2025).  Even though Plaintiff alleges that "Apple charges a premium price for the Beats line" (¶ 1), she acknowledges there are other benefits that she received when she bought the headphones, including their unique design, high-end branding, and exceptional sound quality (none of which Plaintiff disputes).

### 2.    *Plaintiff Has Not Pled "Unfair," "Unlawful," or "Fraudulent" Conduct Under the UCL.*

Even if Plaintiff had alleged an economic injury to bring a UCL claim, Apple's conduct was not "unfair," "unlawful," or "fraudulent."

*Not "Unlawful."*  "To sustain a claim under th[is] prong, Plaintif[f] must allege facts that, if proven, would demonstrate that Defendant's conduct violated another, underlying law."  *In re Google, Inc. Privacy Policy Litig.*, No. 12-1382, 2013 WL 6248499, at *14 (N.D. Cal. Dec. 3, 2013).  Plaintiff alleges that Apple's conduct was "unlawful" because it violated the CLRA.  *See* ¶ 91.  But, as discussed above (*see supra*, pp. 10–16), Plaintiff has not alleged a CLRA violation or any underlying misrepresentation.  Because Plaintiff has not established that Apple violated any predicate law, she has not established "unlawful" conduct.  *See Tan v. Grubhub, Inc.*, 171 F. Supp. 3d 998, 1010–11 (N.D. Cal. 2016).

*Not "Unfair."*  Plaintiff's "unfair" prong claim fails as a matter of law because it is "based on the same" fundamentally flawed allegations.  *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104–05 (N.D. Cal. 2017) (dismissing "unfair" claim because it was "based on the same contentions" that were dismissed under other prongs of UCL).  Nor does the FAC plead any facts demonstrating that Apple engaged in an "unfair" practice under any of the tests applied in consumer cases.  *See generally IV Sols., Inc. v. Conn. Gen. Life Ins. Co.*, No. 13-9026-GW, 2015 WL 12843822 (C.D. Cal. Jan. 29, 2015).  For instance, Plaintiff does not allege facts demonstrating that Apple engaged in conduct that was "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  *Id.* at *16 n.66.  As the Ninth Circuit has recognized, "failure to disclose information it had no duty to disclose in the first place is not substantially injurious, immoral, or unethical."  *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 867 (9th Cir. 2018); *see supra*, pp. 13–15.  The FAC also does not allege facts constituting "unfair" conduct under the balancing approach, which weighs "the utility of the defendant's conduct against the gravity of the harm to the alleged victim."  *Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1028 (S.D. Cal. 2012).  Apple disputes that there was any injury or "harm" at all (*see supra*, pp. 15–16), but the gravity of any alleged harm to Plaintiff—that the microphone quality did not meet her expectations—is at best very low, and a complaint that "does not allege facts sufficient to state a plausible claim that [a defendant's] conduct was misleading or otherwise unlawful" is in any event insufficient under this balancing test.  *Cullen*, 880 F. Supp. 2d at 1028; *supra* pp. 10–15.

Additionally, courts have recognized that, in the absence of a legislatively declared policy, a defendant's design choices alone are not actionable under the unfair prong.  *See, e.g.*, *Donohue v. Apple Inc.*, 871 F. Supp. 2d 913, 928 (N.D. Cal. 2012) ("Apple's choice to develop its own formula in designing the iPhone signal meter" is not actionable); *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1263 (2006) (dismissing as nonactionable claim based on automobile manufacturer's design decision to use "alternative mediums … in component parts"); *Palmer v. Apple Inc.*, No. 15-5808,

2016 WL 1535087, at *7 (N.D. Cal. Apr. 15, 2016) (dismissing as nonactionable claim that Apple did not disclose details about how it designed Wi-Fi capability to improve battery life). Plaintiff does not identify any legislatively declared policy that would render the design of the Beats Studio Pro headphones "unfair."

*Not "Fraudulent."* The "fraudulent" prong of "the UCL focuses on the likely impact of defendants' alleged deceptive conduct on members of the public." *Garcia v. Sony Comput. Ent. Am., LLC*, 859 F. Supp. 2d 1056, 1062 (N.D. Cal. 2012). As discussed above, Apple's conduct was not deceptive, and its representations regarding the Beats Studio Pro headphones do not have "the likely effect of misleading or deceiving the public." *Id.*; *see supra*, pp. 11–13; *see also Ahern*, 411 F. Supp. 3d at 555 ("Generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and thus are not actionable under the [California] UCL." (quoting *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1081 (N.D. Cal. 2017))).

## D.  Plaintiff's Negligence Claim Is Barred by the Economic-Loss Rule (Count VI)

Plaintiff's invocation of a negligence claim fares no better than her other claims. Most fundamentally, the tort of negligence is ill-suited for a product claim where Plaintiff has alleged—at most—only economic damages. *See, e.g.*, ¶ 115. As courts have long recognized, under the economic-loss rule, "a plaintiff's tort recovery of economic damages is barred unless such damages are accompanied by some form of physical harm (i.e., personal injury or property damage)." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 961 (S.D. Cal. 2012); *see Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) ("Where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses.") (brackets omitted). This rule ensures that a plaintiff does not use

the guise of tort law to "disrupt the parties' private ordering" and undermine transactions governed by contract. *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 915 (2022).

Plaintiff pleads no such "personal injury or property damage" in this case. Her claim is limited to economic losses relating to a product that was sold with a Limited Warranty, and which was replaced twice at her request. *See* ¶ 43. Her dissatisfaction relating to the product is governed by those contractual terms, not tort law. *See Seely v. White Motor Co.*, 63 Cal. 2d 9, 18 (1965) (the economic-loss rule bars negligence recovery for purely economic losses arising from a defective product); *Aas v. Super. Ct.*, 24 Cal. 4th 627, 643–45 (2000) (same); *Jimenez v. Super. Ct.*, 29 Cal. 4th 473, 482–83 (2002) (California's economic-loss rule precludes negligence claims if a product defect causes only economic harm).

## E. The Court Should Dismiss All Claims for Equitable Relief (Counts III, IV and VII)

Plaintiff is not entitled to equitable relief for three independent reasons.

*First*, "unjust enrichment" (Count VII) is "not an independent cause of action" in California, *United Food & Comm. Workers Local 1776 & Participating Emps. Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F. Supp. 3d 1052, 1091 (N.D. Cal. 2014), and Plaintiff "cannot assert a claim for unjust enrichment that is duplicative of statutory or tort claims," *Leonhart v. Nature's Path Foods, Inc.*, No. 13-0492, 2014 WL 1338161, at *9 (N.D. Cal. Mar. 31, 2014).

*Second*, there can be no claim to the remedy of "unjust enrichment" if an express contract governs the parties' relationship. *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). "The reason for the rule is simply that where the parties have freely, fairly and voluntarily bargained for certain benefits in exchange for undertaking certain obligations, it would be inequitable to imply a different liability." *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975). Here, the Limited Warranty is an express contract between Apple and its customers that clearly delineates Apple's obligations with respect to the products. Apple offered a warranty that covers "defects

in materials and workmanship" (¶ 58); it never promised perfect voice-pickup quality. Plaintiff cannot now invoke a quasi-contractual unjust-enrichment theory to impose additional obligations to which Apple never agreed.

*Third*, Plaintiff's equitable claims under the CLRA and UCL (Counts III and IV) and for "unjust enrichment" (Count VII) must be dismissed because she has an adequate remedy at law. Under California's consumer-protection statutes, "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

The adequacy of a remedy at law does not turn on the merits of their claims; the question is, if Plaintiff prevails on her claims, would the available remedy be "adequate." *Mullins v. Premier Nutrition Corp.*, No. 13-1271, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018), *aff'd*, 971 F.3d 834 (9th Cir. 2020). Plaintiffs are required to allege that they lack an adequate remedy at law, which the FAC does not do. Because the FAC "does not even contain the phrase 'inadequate remedy at law,'" "Plaintiff['s] claims are 'facially deficient and warrant dismissal.'" *Barfuss v. Live Nation Ent., Inc.*, No. 23-1114-GW, 2025 WL 1843207, at *14 (C.D. Cal. May 14, 2025). And Plaintiff cannot plead as such here because "monetary damages are an adequate remedy for claims based on an alleged product defect." *In re MacBook Keyboard Litig.*, No. 18-02813, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020); *Sonner*, 971 F.3d at 844. Because Plaintiff has asserted legal claims for damages in this lawsuit, she cannot allege she lacks an adequate remedy at law. Accordingly, she cannot also demand equitable relief under consumer-protection statutes to "expand the court's equitable powers." *MacBook Keyboard*, 2020 WL 6047253, at *3; *see also Lyman v. Gen. Motors LLC*, No. 24-5786-GW, 2025 WL 2080654, at *10 (C.D. Cal. Mar. 19, 2025) (plaintiffs could not establish that they lacked an adequate remedy at law because any value depreciation caused by allegedly defective car paint could be remedied by money damages), *adopted*, 2025 WL 2054085 (C.D. Cal. Mar. 21, 2025).

**CONCLUSION**

At bottom, this case is about Plaintiff's disappointment that her headphone microphones did not work as well as she hoped.  But Plaintiff's disappointment is not a basis for a class action.  Nor, on these alleged facts and claims, can it be the basis of a lawsuit at all.  All of Plaintiff's claims should be dismissed as a matter of law because they rest on the faulty premise that Beats Studio Pro headphones are "defective" due to allegedly insufficient voice-capture quality, which is not an actionable defect under the law.  The statements Plaintiff complains about—like how the headphones were "optimized for call performance" and had "crystal-clear" performance—are precisely the types of general, nonquantifiable statements of puffery that courts repeatedly have concluded are nonactionable.

Dated:  December 16, 2025         Respectfully submitted,

                                  GIBSON, DUNN & CRUTCHER LLP

                                  By:  */s/ Christopher Chorba*
                                  Christopher Chorba

                                  *Attorneys for Defendant Apple Inc.*

DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:25-CV-09716-GW-AJRx

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant Apple Inc. certifies that this brief contains 7,000 words, which complies with the word limit of Local Rule 11-6.1.

Dated:  December 16, 2025

*/s/ Christopher Chorba*
Christopher Chorba